People ex rel. Board of Education of Pembroke Community Consolidated School District No. 259, Kankakee County, Illinois, et al., Petitioners-Appellees, v. Fred Davis, Ike Parrish, et al., Respondents-Appellees, and St. Anne Community High School District No. 302, Kankakee and Iroquois Counties, Illinois, Respondent-Appellant. Consolidated with People of State of Illinois, on Relation of Board of Education of Community High School District No. 302, Counties of Kankakee and Iroquois, State of Illinois, and Board of Education of Community High School District No. 302, Counties of Kankakee and Iroquois, State of Illinois, Petitioners-Appellants, v. County Board of School Trustees of Kankakee County, Illinois, et al., Respondents-Appellees.

Gen. No. 11,005.

Second District.

May 16, 1957.

Released for publication June 3, 1957.

Butz, Blanke & Stith, of Kankakee, for Board of Education of St. Anne Community High School District No. 302, Kankakee and Iroquois Counties, appellant.

Donald D. Zeglis, of Momence, for appellees.

JUSTICE EOVALDI delivered the opinion of the court.

These consolidated cases involve, as the sole question to be determined, the interpretation of Section 27, Article 13, Chapter 122, Illinois Revised Statutes, 1955, which reads as follows:

*"Distribution Of Funds Resulting From Liquidation Of Permanent Funds.* Any funds received as the result of the liquidation of the permanent funds belonging to any school township shall after the payment of the necessary expenses connected therewith be apportioned and distributed to the school districts or parts of districts of such township in which schools have been kept as required by law during the preceding year ending June 30 according to the number of pupils in average daily attendance in grades one to eight, each inclusive, as reported in schedules prepared under Section 23—3 of this Act, and upon the completion of such liquidation and distribution and the submission of all reports required by law the office of township land commissioners and their treasurer in such township shall terminate."

The first of these consolidated causes was instituted by the Board of Education of Pembroke Community Consolidated School District No. 259, Kankakee County,

Illinois and the Board of Directors of Doney Common School District No. 89, Kankakee County, Illinois, as relators and petitioners, by a Petition for Mandamus, against the County Board of School Trustees of Kankakee County and the individual trustees by name, as the principal defendants, to compel liquidation by said County Board of the assets of the permanent or loanable fund of School Township No. 30 North, Ranges 10 and 11 West of the Second P.M., Kankakee County, Illinois and distribution thereof to only those school districts wholly or partially within the school township which actually maintained school grades one to eight, inclusive, under the terms and provisions of the above mentioned section of the statute.

The appellant, St. Anne Community High School District No. 302, Kankakee and Iroquois Counties, was made a respondent and answered by its Board of Education claiming that the high school district should share in the distribution of the liquidated funds as a school district within the meaning of the Statute.

The individual members of the County Board of School Trustees and the County Board of School Trustees of Kankakee County, Illinois, answered the petition, stating they were ready and willing to liquidate the fund but were unwilling to distribute the net funds until the matter of distribution had been clarified.

The Board of Education of St. Anne Community High School District No. 302, Kankakee and Iroquois Counties, State of Illinois, then instituted a second action, as relator and petitioner, by a Petition for Mandamus, against the County Board of School Trustees of Kankakee County, Illinois, as the principal respondent, setting forth the same factual situation and praying that the County Board of School Trustees include relator district as a distributee of the liquidated fund. The County Board of School Trustees answered again asking clarification of the matter of distribution. The

421

other school districts named as respondents denied the right of relator in the second action to share in the distribution because it did not maintain school grades one to eight, inclusive.

The cases were consolidated for hearing, and following the hearing, the circuit court entered its order awarding a Writ of Mandamus to the relator school districts in the first filed cause, being the school districts which maintained school grades one to eight, inclusive, but denied a Writ to the appellant, Board of Education of St. Anne Community High School District No. 302 in the second filed cause because the appellant district did not maintain school grades one through eight, inclusive.

The Board of Education of St. Anne Community High School District No. 302, Kankakee and Iroquois counties, Illinois, appellant here, appeals from the order of the Circuit Court and asks that the consolidated causes be remanded to the circuit court with directions to issue a Writ of Mandamus to the County Board of School Trustees of Kankakee County, Illinois, commanding that Board to include the St. Anne Community High School District No. 302 as a distributee of the liquidated fund in the pro-rated portion set forth in relator's petition.

From the evidence in this case, it appears that the school districts maintaining schools as required by law whose territory lies within or partly within combined school township No. 30 North, Ranges 10 and 11 West are as follows: Pembroke Community Consolidated School District No. 259, Kankakee County; Doney Common School District No. 89, Kankakee County; Fairmore Community Consolidated School District No. 10, Kankakee County; Wichert Community Consolidated School District No. 262, Kankakee County; Momence Community Unit School District No. 1, Kankakee County; and St. Anne Community High School District

No. 302, Kankakee County; that the first four of said districts maintain schools with a program of studies extending through grades one to eight, inclusive, and do not conduct a school with grades nine through twelve, inclusive; that the Momence Community Unit School District No. 1 conducts a school with a program of studies extending from grades one through twelve, inclusive; and that the St. Anne Community High School District No. 302 keeps and conducts a school with a program of studies extending from grades nine through twelve, inclusive, but does not conduct a school with grades one through eight.

██ ██ The courts have no legislative powers and may not incorporate in a statute provisions not within the intention of the General Assembly as expressed in the statute itself. First Nat. Bank v. Hahnemann Inst., 356 Ill. 366, 372; Coon v. Doss, 361 Ill. 515, 521; Burley v. Lindheimer, 367 Ill. 425, 429. As was said by the Supreme Court, in People v. Olympic Hotel Bldg. Corp., 405 Ill. 440, at 448: "This court will not read into a statute words which are not found therein either by express inclusion or a fair implication." If the General Assembly had intended that the overlying high school districts were to share in the distribution, it could easily have so provided by stating that distribution should be according to enrollment in grades from one through twelve. Then the unit district, educating children in grades one through twelve, would share equally with the dual system, consisting of an elementary district and high school district, and likewise the elementary district would not be penalized by a disproportionate distribution to the overlying high school district by allowing the latter to use their pupil census as a formula for fixing the high school district's share. Each district having the responsibility of educating the children in grades one through eight, inclusive, then would receive its proportionate share based on the

423

number of students for which it is responsible to furnish an elementary education. This gives effect to the policy of the state embodied in the various sections of the School Code that the funds and assets of schools should follow the liabilities and responsibilities attendant upon providing for an educational system. People v. Trustees of Schools, Tp. 4, 347 Ill. App. 330, 336. A statute must be construed, as was done by the circuit court, so as to be given a reasonable, practical and common sense construction. Scott v. Freeport Motor Casualty Co., 379 Ill. 155, 162.

We hold that the provisions in the quoted section of the statute requiring distribution to the school districts according to the number of pupils in average daily attendance in grades one to eight, each inclusive, is limited to the schools of such class, and that the appellant high school district does not qualify for distribution in the funds involved in these proceedings.

The judgment of the circuit court of Kankakee county is affirmed.

Judgment affirmed.

DOVE, P. J. and CROW, J., concur.