Dorothy Hoffman and Kurt Hoffman, Plaintiffs-Appellants, v. Edward Evans and Lincoln Rural Fire Protection District, a Municipal Corporation, Defendants-Appellees.

Gen. No. 11,285.

Fourth District.
October 8, 1970.

Woods & Thompson, of Lincoln (Roger Thompson, of counsel), for appellants.

Livingston, Barger, Brandt, Slater & Schroeder, of Bloomington (Ralph Schroeder, of counsel), for appellees.

CRAVEN, P. J., delivered the opinion of the court.

This action was brought to recover damages alleged to have been sustained as a result of a rear-end collision when a fire truck driven by the defendant Evans in the course of his employment for the Lincoln Rural Fire Protection District struck the rear of an automobile operated by the plaintiff Dorothy Hoffman. The four-count com-

plaint sought damages from the defendant Evans and the municipality for personal injuries to Dorothy Hoffman and for loss of services and consortium by reason of those injuries. The complaint did not allege compliance with the notice provisions of section 8–102 of chapter 85, Ill Rev Stats 1965. The parties stipulated in this case as follows:

> "It is stipulated by and between the plaintiffs and the defendants that on November 10, 1966 an accident occurred being the accident out of which these causes of action arose, in which an automobile operated by the plaintiff Dorothy Hoffman was involved in an accident with a fire truck belonging to the Lincoln Rural Fire Protection District, a municipal corporation, and which said truck was being operated at the time of the incident in question by one Edward Evans who was at the time and place in question an employee of said fire protection district and who was at the time and place in question operating within the scope of his employment.
>
> "It is further stipulated that notice of injury pursuant to Chapter 85, Section 8–102, Illinois Revised Statutes, 1965, was not given to said municipal corporation in writing."

On motion of the plaintiffs, the original complaint was amended to include an allegation to the effect that the municipality was insured under a policy of liability insurance which provided insurance coverage, and that the defendants in fact had notice of the injuries and full opportunity to investigate the same.

In addition, counsel for plaintiffs filed an affidavit stating that the defendant Evans made a report on the day of the injuries (November 10, 1966) to the municipality's insurance agent who, in turn, forwarded the report to the insurance carrier, and that as a consequence thereof the insurance carrier made provision for investi-

gation of the claims and entered into negotiations with reference to a possible settlement of the claims. The affidavit further sets forth that through this process all information that would be supplied by the notice was in fact supplied.

On motion of the defendants, the trial court dismissed the complaint and entered judgment for the defendants.

Initially, this appeal was taken to the Supreme Court in that the plaintiffs sought to raise constitutional issues. That court transferred the case to this court and in its order of transfer stated:

> "The record fails to show that the constitutional question argued on this appeal was presented to and decided by the trial court. On the Court's own motion, the cause is transferred to the Appellate Court, Fourth District. . . ."

Under this order of transfer the sole issue presented to us for decision is whether the action of the trial court was correct in holding that the failure to give notice as required by the applicable statute barred the action, and whether the existence of liability insurance operated to remove the necessity to give notice. We must affirm.

██ ██ The notice requirement contained in the statute is a condition precedent to the cause of action. There must be strict compliance, and noncompliance necessitates the order here entered. Fannon v. City of Aurora, 106 Ill App2d 408, 245 NE2d 286 (2nd Dist 1969). We have, this date, filed an opinion sustaining the dismissal of an action wherein a notice was filed but was defective in that the date of the injuries was misstated by one day (Williams v. City of Gibson, 129 Ill App2d 431, 263 NE2d 138). It was our view that compelling authority was existent requiring that result. If such a result is compelled when an inadequate notice is filed, it is clearly mandated where no notice is filed.

442

■ Section 9–103 of chapter 85, Ill Rev Stats 1965, provides, in substance, that local governmental entities may contract for liability insurance and that policies of insurance for such liability coverage issued to a local public entity shall provide that the issuing company waives any right to refuse payment or to deny liability within the policy limits by reason of the defenses and immunities provided in the referred to statute. The inquiry, then, must be—is the notice requirement of section 8–102 a defense or immunity as is referred to in this statute, and thereby waived? The answer is that it is not. In Schear v. City of Highland Park, 104 Ill App2d 285, 244 NE2d 72 (2nd Dist 1968), the court held that the one-year statute of limitations and the six-month notice provision were not within the contemplation of defenses and immunities as used in section 9–103. We agree with the reasoning of Schear and hold that the language of section 9–103 has no application to the six-month notice requirement.

■ It is the contention of plaintiffs that when the purpose of the notice is satisfied and the interests of the defendants are fully protected without literal compliance, the notice requirement should fall because the reason for it no longer exists. In Sappington v. Sparta Municipal Hospital Dist., 106 Ill App2d 255, 245 NE2d 262 (5th Dist 1969), the court had a case wherein the injured person was taken immediately after the accident to the hospital as a patient. The defendant-hospital obtained the basic information required in the notice, and obviously the giving of a notice thereafter would only duplicate the already-obtained information. The court held the notice to be required. A long line of cases is to like effect. We must affirm.

Judgment affirmed.

SMITH and TRAPP, JJ., concur.