2 Ill. App.3d 1095 (1971)
278 N.E.2d 540
THERESA K. RAPACZ, Plaintiff-Appellant,
v.
TOWNSHIP HIGH SCHOOL DISTRICT No. 207 et al., Defendants-Appellees.
No. 55128.
Illinois Appellate Court  First District.
November 29, 1971.
*1096 *1097 Synek, Bishart & Solomon, of Chicago, (Henry T. Synek, of counsel,) for appellant.
Baker & McKenzie, of Chicago, (Francis D. Morrissey and Michael K. Murtaugh, of counsel,) for appellees.
Judgment affirmed.
Mr. JUSTICE GOLDBERG delivered the opinion of the court:
Theresa K. Rapacz (plaintiff) filed her amended complaint against Township High School District No. 207 (District) and Insurance Company of North America (Insurer). She sought damages for personal injuries allegedly suffered by plaintiff as a result of negligence of the District. Both the District and Insurer joined in a motion to dismiss the complaint because of service by plaintiff upon the District of a defective notice of the occurrence. By a so-called answer to the motion to dismiss, plaintiff alleged constitutional infirmities in the applicable statute. Upon hearing, the trial court found the challenged sections to conform to constitutional requirements and dismissed the amended complaint as against the District and the Insurer because of failure of plaintiff to serve a proper statutory notice. The order directed, however, that the action proceed against a third defendant, Tonyan Brothers, Inc., whose rights are not in issue here. Plaintiff appeals.
It appears from the well pleaded allegations of the amended complaint that plaintiff was injured in a school building operated by the District. Plaintiff alleged that she was in the exercise of due care and that the District and its employees were guilty of various specified negligent acts and omissions which were the proximate cause of plaintiff's injuries. The amended complaint also alleged that the District maintained a policy of liability insurance with the Insurer and that this policy contained a waiver of right to refuse payment or deny liability, within policy limits, by reason of non-liability of the District for negligence "* * * and its immunity from suit by reason of the defenses and immunities provided *1098 in the Local Government Tort Immunity Act." This is the type of waiver authorized and required by the applicable statute. Ill. Rev. Stat. 1969, ch. 85, par. 9-103.
The amended complaint also alleged, and it is agreed by the parties, that, although plaintiff was injured on September 25, 1968, the written statutory notice served upon the District on March 19, 1969, described the date of the occurrence as September 25, 1967. The statutory provisions regarding notice are set forth in Ill. Rev. Stat. 1969, ch. 85, pars. 8-102 and 8-103.
Plaintiff urges reversal of the order of dismissal on the grounds that lack of proper notice to the District is among the defenses which have been waived by the Insurer. Plaintiff contends that, if the contrary be assumed or determined so that lack of proper statutory notice is not construed to be a defense under the statute, then Sections 8-102, 8-103 and 9-103 are all violative of Section 22 of Article IV and Section 2 of Article II of the Constitution of Illinois and also of the 14th Amendment of the Constitution of the United States. The final argument advanced by plaintiff is that since the error in the notice is merely typographical and since both the District and the Insurer had actual knowledge of the occurrence within the required six-month period, the notice should be deemed sufficient.
 1, 2 Before considering these contentions, one matter requires disposition. It is the established law of Illinois that the public policy of this State prohibits joining a direct action against an insurer with a suit to enforce tort liability of the insured. This principle, and the rationale upon which it is based, are clearly set forth by the Supreme Court of Illinois in Marchlik v. Coronet Insurance Co., 40 Ill.2d 327. Marchlik has been followed by this court in Sims v. Sneed, 118 Ill. App.2d 294. This question has been raised only obliquely in the briefs before us. However, we are obliged to adhere to the public policy of Illinois as enunciated by the Supreme Court and by this court. It follows that plaintiff in this case may not maintain a direct action against the Insurer in conjunction with its action against the District. Therefore, the judgment of the circuit court dismissing the suit as to the Insurer is necessarily affirmed.
 3, 4 We next consider the basic action of plaintiff against the District. This involves a determination of the sufficiency of the notice under Section 8-102 of the pertinent statute and of whether Section 8-103, requiring dismissal upon failure to comply with the notice requirement, is applicable. Section 8-102 requires that the notice contain "* * * the date and about the hour of the accident * * *." It will be remembered that plaintiff was injured on September 25, 1968, and the *1099 notice served upon the District set forth the date as September 25, 1967. Plaintiff urges strongly that this was merely a typographical error and that the District had actual knowledge so that dismissal of the case is unnecessarily harsh. The rules of stare decisis require that this argument be rejected. The courts of this jurisdiction have traditionally and consistently held that statutes requiring the giving of notice of injuries or accidents to municipalities of every kind are strictly construed and must be followed with complete adherence to each prescribed detail. Where required by the statute, as in the case at bar, dismissal of the suit must necessarily result from a defect in the notice.
We believe that the earliest case in Illinois establishing this doctrine is Ouimette v. City of Chicago (1909), 242 Ill. 501. In that case, plaintiff was injured on October 10, 1905, and the notice specified November 10, 1905. The suit was dismissed. We will not attempt to cite all of the subsequent cases which have adhered to this rule. We will mention only the following: Williams v. City of Gibson, 129 Ill. App.2d 431 (discrepancy of one day); Fannon v. City of Aurora, 106 Ill. App.2d 408 (requirement of personal service of notice not satisfied by mail service); Sappington v. Sparta Municipal Hospital District, 106 Ill. App.2d 255, 257 (actual notice cannot replace formal statutory notice); Riddle v. City of Marion, 44 Ill. App.2d 11 (one month discrepancy in the date); and Frowner v. Chicago Transit Authority, 25 Ill. App.2d 312 (variation of three days between notice and occurrence). These authorities require that we reject plaintiff's argument that the notice served here constituted statutory compliance so that the judgment of dismissal as to the District should be affirmed.
However, plaintiff strongly urges that the waiver contained in the policy written by the Insurer, as required in Section 9-103 of the pertinent statute, actually constitutes a waiver of the defense created by Sections 8-102 and 8-103; and, consequently, that plaintiff should be permitted to maintain this action.
 5-7 Two factors compel our rejection of this argument. A policy of insurance is simply a contract between the insurance company and the policyholder. In the case at bar, the parties to the contract are the District and the Insurer. The contract does not impose a direct or primary liability upon the insurer but creates only a liability which is best described as "strictly derivative", (Garb v. Harris, 87 Ill. App.2d 437). (See also Pohlman v. Universal Mutual Casualty Co., 12 Ill. App.2d 153.) This liability is enforceable for plaintiff's benefit only after plaintiff has obtained judgment against the District. It follows that plaintiff may not take advantage of, or benefit from, any waiver set forth in the policy issued by Insurer to the District. The District has never waived its *1100 right to assert the defense of inadequate notice granted to it by the statute and plaintiff presently has no cause of action against the Insurer.
The second reason for rejection of plaintiff's argument of waiver requires a brief statement of the long and rather complicated history of tort liability of municipalities in Illinois. For many years prior to 1959, the courts of Illinois adhered to "the ancient and established doctrine of governmental immunity from tort liability." (Molitor v. Kaneland Community Unit District No. 302, 18 Ill.2d 11, 29.) We learn from Molitor that this doctrine was not a statutory creation but was adopted by the courts as part of the common law of this State. However, as an exception to the common law rule, school districts and charitable corporations were deemed subject to tort liability to the extent that they had obtained insurance which would protect the charitable trust funds or the public funds of the school district from depletion. Moore v. Moyle, 405 Ill. 555 cited in Molitor, 18 Ill.2d 11 at 35.
Despite a strong and well-reasoned dissent, the Supreme Court of Illinois, in Molitor, swept away the common law doctrine of governmental immunity and held that a school district was liable in tort for the negligence of its employees. Hardly before the ink had dried upon this decision, and pending consideration of a petition for rehearing, the Legislature enacted statutes attempting to restore the common law principle to some extent with reference to various municipalities. See dissenting opinion in Molitor, 18 Ill.2d 11 at 42. Additional statutes were adopted from time to time. Some of them were invalidated by our Supreme Court for constitutional reasons. See Harvey v. Clyde Park District, 32 Ill.2d 60 and Hutchings v. Kraject, 34 Ill.2d 379.
The present statute is an outgrowth and a refinement of this legislation. This statute was originally adopted in 1965 and is known as "Local Governmental and Governmental Employees Tort Immunity Act." It appears in the revised statutes as ch. 85, pars. 1-101 to 10-101. This statute is applicable uniformly to every local governing body except only the State of Illinois. Section 1-206. Articles II to VII inclusive provide generally for immunity of affected governmental entities from tort liability. Section 8-101 provides a statute of limitations of one year as to actions against a local entity. Sections 8-102 and 8-103, involved in this appeal, provide for service of notice upon the local entity within six months from the date of injury.
Article IX of the statute is concerned with payment of claims and judgments. Section 9-103(b) also involved here provides:
"(b) Every policy for insurance coverage issued to a local public entity shall provide or be endorsed to provide that the company issuing such policy waives any right to refuse payment or to deny liability *1101 thereto within the limits of said policy by reason of the non-liability of the insured public entity for the wrongful or negligent acts of itself or its employees and its immunity from suit by reason of the defenses and immunities provided in this Act."
 8, 9 This section has apparently caused confusion in certain areas. See "Illinois Tort Claims Act: A New Approach To Municipal Tort Immunity in Illinois" (61 N.W.L.Rev. 265 (1966)). We see no confusion in this enactment. It appears to us that this "Local Governmental and Governmental Employees Tort Immunity Act" reestablishes the common law doctrine of municipal immunity as to the entities it affects. This is done in Article II to VII inclusive of the Act. Section 9-103, appearing in Article IX, provides that a municipality may, at its option, elect to waive this statutory immunity; and, in lieu thereof, may obtain insurance to protect itself. To make the situation clear, however, such policies must contain a waiver of immunities by the insurance carrier. In other words, every municipality covered by this Act may, at its option, either depend upon the statutory protection of governmental immunity, or it may waive this immunity and protect itself by an insurance policy as set forth in Section 9-103(a). In the latter case, to prevent attempt by any insurer to avoid liability by reason of the statutory immunity, the necessary waiver must be included in the policy. The District here has elected to waive the statutory immunity and has obtained a policy, including the waiver, from the Insurer.
 10 The next inquiry is construction of Section 9-103(b). The conflict presented in this case arises from use of the language "* * * by reason of the defenses and immunities provided in this Act." This clause refers to the immediately preceding phrase "* * * its immunity from suit * * *." In our opinion, this statute should be construed as though the two words "the defenses" were not included. It is incongruous to say that a municipality has immunity from suit by reason of defenses. Defenses could give a municipality ability to prevail in any single specific piece of litigation to which they would apply. Immunity from suit, on the contrary, implies immunity from all, or at least from certain, specified classes of litigation. All immunity creates a defense but every defense is not an immunity. The words are not synonymous or interchangeable.
 11 A decision which approves deletion of surplusage from a statute to arrive at its proper meaning is Klein v. Department of Registration and Education, 412 Ill. 75. There, the Supreme Court eliminated a three word phrase from a statute in order to arrive at the true intent of the statute and avoid inconsistency. The court stated the applicable principle as follows 412 Ill. 75 at 86):

*1102 "If the main intent of a statute can be collected from the statute, words may be modified or altered, declared surplusage or even supplied so as to obviate any repugnancy or inconsistency with the legislative intent. (People ex rel. Simpson v. Funkhouser, 385 Ill. 396.) By treating the words `scheme or plan' as surplusage in this case, the intent of the legislature may validly be given effect."
 12 It is an established principle of construction that all statutes must be reasonably construed so that they will be applied in a practical and common sense manner and so that absurd consequences will be avoided. (Dugan v. Berning, 11 Ill.2d 353, 357.) (See also Scott v. Freeport Motor Casualty Co., 379 Ill. 155, 162 and People ex rel. Board of Education v. Davis, 13 Ill. App.2d 419, 424.) In the case at bar, the construction advanced by plaintiff would have absurd consequences. It would eliminate the legislative requirement of notice to a municipality as well as the statute of limitations in all actions against municipalities which were insured. It would leave the notice requirement and the statute of limitations applicable to all plaintiffs in cases where municipalities had no insurance and depended upon legislative immunity. On the contrary, the construction adopted by this court makes for a rational and orderly solution of these problems.
 13 The intent of this Section 9-103, as above stated, is to prevent any insurer from avoiding liability by reason of immunities granted to uninsured municipalities. The immunities created by Article II to VII inclusive are granted only for the benefit of uninsured municipalities. Defenses, established elsewhere in the Act, apply to all municipalities whether they are uninsured and depend upon statutory immunity or whether they have procured insurance. The Legislature did not intend that the waiver of immunities by the insurance company have any effect upon defenses granted to all municipalities including those without insurance.
We find excellent authority reaching the identical result as regards construction of this statute. In Schear v. City of Highland Park, 104 Ill. App.2d 285, this court held, in effect, that Articles II through VI of the statute confer immunities and that the language "and defenses and immunities" contained in Section 9-103 should be construed as being limited to these immunities. The same result is reached in Hoffman v. Evans, 129 Ill. App.2d 439, 442 where the statutory requirement of notice is described as "a condition precedent to the cause of action." The court in Hoffman agreed specifically with the reasoning and result of Schear and held, "that the language of Section 9-103 has no application to the six-month notice requirement." 129 Ill. App.2d 439 at 443. These two *1103 authorities are cited with approval in Brown v. Shook, (Ill. App.2d), 268 N.E.2d 883.
 14 We therefore find that the waiver described in Section 9-103(b) is limited to "immunities" created by the Act and it has no application to or effect upon "defenses" based upon requirements of notice and limitations.
Plaintiff's final contention is that construction of the pertinent statute, as above set forth, would violate the rights guaranteed to plaintiff by Section 22 of Article IV of the Illinois Constitution and by Section 2 of Article II of the Illinois Constitution as well as by the 14th Amendment of the Constitution of the United States. No federal authorities are cited by counsel for plaintiff to show that the statute, as above construed, denies plaintiff equal protection of the laws as guaranteed by the 14th Amendment of the Constitution of the United States.
 15 The Illinois Constitution of 1870, in Section 22 of Article IV, prohibited the General Assembly from passing local or special laws in a number of specified categories and prohibited the granting of any special privilege or immunity to any corporation. Section 2 of Article II guaranteed due process of law to all persons. Plaintiff asserts that the above construction of the statute would grant insurance carriers in municipal tort liability cases a six-month notice requirement but insurance carriers in other cases would be penalized by the absence of any notice requirement. Plaintiff, not being an insurance carrier, and having no direct action against the Insurer here, is not affected by this particular factor in any manner. Not being an affected or aggrieved party, plaintiff may not raise or attempt to take advantage of a strictly theoretical constitutional argument. Rosewood Corporation v. Fisher, 46 Ill.2d 249, 259.
Moreover, the only authority cited by plaintiff on this question is Lorton v. Brown County Community School District, 35 Ill.2d 362, appearing in plaintiff's reply brief. There, the Supreme Court invalidated the notice provisions in an immunity statute which applied only to school districts and non-profit private schools. (Ill. Rev. Stat. 1965, ch. 122, pars. 821-831.) The Supreme Court found this to be an arbitrary classification. On the contrary, the statute involved here is uniformly applicable to every "Local public entity" excluding only the State of Illinois and its agencies. (Ill. Rev. Stat. 1969, ch. 85, par. 1-206.) Therefore Lorton is not applicable here.
In addition, we note that those portions of the statute here involved which provide for the requirement of notice to municipalities have been held constitutional by the Supreme Court of Illinois against a contention that separate classification of public entities for purposes of notice in tort *1104 claims is arbitrary and is a special law granting special privileges or immunities. The court found that these very notice provisions did not contravene Article IV, Section 22, or Article II, Section 14 of the Illinois Constitution. King v. Johnson, 47 Ill.2d 247.
Upon any analysis of plaintiff's claims, we are impelled to conclude that the action of the trial court in dismissing plaintiff's amended complaint was proper. The judgment of dismissal is therefore affirmed.
Judgement affirmed.
BURKE, P.J., and LYONS, J., concur.