THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROBERT A. IRVIN, Defendant-Appellant.

(No. 71-243; 

Second District—July 21, 1972.

Hall, Meyer, Fisher, Holmberg, Snook & May, of Waukegan, (Michael L. Roach, of counsel,) for appellant.

Jack Hoogasian, State's Attorney, of Waukegan, (Edward F. Dolinar, Assistant State's Attorney, of counsel,) for the People.

Mr. PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

Robert A. Irvin, the defendant, represented by private counsel, pled guilty to driving on a suspended license. (Ill. Rev. Stat. 1969, ch. 95½, par. 6—303, which provides for a minimum jail term of 7 days and a maximum of 1 year together with a fine of not more than $1,000.) The case was continued for a hearing on defendant's motion for probation. On the date set for the probation hearing defendant appeared without counsel and the court continued the matter to a new date. Defendant then appeared on March 24, 1971, again without counsel and the court sentenced him to six months in the county jail on a work-release program.

Defendant obtained new counsel who petitioned the court to vacate the judgment and grant a trial *de novo* or, in the alternative, a new probation hearing. The court conducted a full hearing on this petition at the close of which it denied the petition to vacate the judgment, denied the motion for probation and remanded the defendant to serve the remainder of his sentence.

The failure of the record to show that defendant was properly admonished before entering his guilty plea, is dispositive of the case.

■■ The constitutional requirement is that the plea be "intelligent and voluntary". (*People v. Reeves* (1971), 50 Ill.2d 28, 29.) Ill. Rev. Stat. 1969, ch. 38, pars. 113—4, 115—2, set forth the requirement that the record must show that the consequences of the plea and the maximum penalty have been explained to a defendant and that the defendant understandingly persists in his plea before acceptance. (*People v. Washington* (1955), 5 Ill.2d 58, 60; *People v. Baxton* (1957), 10 Ill.2d 295, 298.) The rule has been held to apply to misdemeanors as well as to felonies. *Peoples v. Benner* (1922), 224 Ill.App. 515, 518.

■■ There is no stenographic transcript of any of the proceedings in the then Magistrate Division of the Circuit Court except those held on April 30th in connection with defendant's petition to vacate. The common law record recites that defendant's plea of guilty was taken and adjudged

on February 11, 1971. The clerk's entry on that date contains no recital that defendant was admonished. The presumption is that the common law record imports verity unless contradicted by other facts in the record. (*People v. Williams* (1963), 27 Ill.2d 327, 329.) There is a contradiction here in that the docket entry under a date of March 24, 1971, also shows a plea of guilty by defendant on that date, with the further recital, "Defendant admonished of his rights". However, it is clear from the record before us that the March 24th hearing was one on the motion of defendant for probation and not a taking of his plea.

The judgment below is vacated and the cause remanded to the trial court for arraignment.

Reversed and remanded.

ABRAHAMSON and T. MORAN, JJ., concur.