Margaret Manos, Admr. of the Estate of Harry Manos, Deceased, Plaintiff-Appellant, *v.* The State of Illinois, Defendant-Appellee.

(No. 56877;

First District (3rd Division)—February 1, 1973.

John D. Hayes, of Lisco & Field, of Chicago, for appellant.

William J. Scott, Attorney General, of Chicago, for appellee.

Mr. PRESIDING JUSTICE DEMPSEY delivered the opinion of the court:

On January 31, 1969, Harry Manos, the plaintiff's husband, was driving east on Roosevelt Road in Villa Park, Du Page County. Approximately 1000 feet west of Ardmore Avenue his automobile struck a hole in the street, went out of control and collided with a utility pole. Manos was

severely injured and he died the following month. Margaret Manos, his wife and the administrator of his estate, subsequently instituted the present action against the State of Illinois in the Circuit Court of Cook County. The State was charged with knowingly, carelessly and negligently allowing the section of Roosevelt Road west of Ardmore to exist in a defective condition and with failing to warn motorists of such dangerous condition, thus proximately causing the death of her husband. Damages of $150,000 were sought and a jury demand was made. The plaintiff also filed a notice of claim for wrongful death, a petition alleging the facts of her husband's accident and a request for damages of $25,000 in the Illinois Court of Claims. In the Circuit Court the State moved either for summary judgment or to dismiss the plaintiff's complaint, citing Article IV, section 26 of the Illinois Constitution of 1870 then in force, which prohibited the State from being made a defendant "in any court of law or equity." The court dismissed the complaint. From that order the plaintiff appealed to the Illinois Supreme Court which transferred the case to this court.

The plaintiff contends that Article IV, section 26 of the 1870 Illinois Constitution, even though modified by the Court of Claims Act (Ill. Rev. Stat. 1969, ch. 37, para. 439.1, *et seq.*), contravenes the due process and equal protection clauses of the Fourteenth Amendment of the United States Constitution, and is therefore void. By the enactment of the Court of Claims Act the legislature made it possible for a citizen to obtain redress of alleged legal wrongs committed by the State and gave this forum exclusive jurisdiction in certain types of cases. (*Cf. Chicago Welfare Rights Organization v. Weaver* (1972), 5 Ill.App.3d 655, 284 N.E.2d 20.) It is the province of the court to hear and determine liability regarding "All claims against the State for damages in cases sounding in tort, in respect of which claims the claimants would be entitled to redress against the State of Illinois, at law or in chancery, if the State were suable, * * * provided that an award for damages in a case sounding in tort shall not exceed the sum of $25,000 to or for the benefit of any claimant." (Ill. Rev. Stat., 1969, ch. 37, par. 439.8(d).) The features of the Act to which the plaintiff particularly objects are the limitation of the amount of recoverable damages and the lack of provision for jury trials.

■■ The State asserts that the plaintiff may not challenge the validity of the above constitutional and statutory provisions since she has not shown herself to be sufficiently aggrieved to do so. One who wishes to attack a statutory provision as contravening the Constitution must be directly affected by that law. (*People v. Bombacino* (1972), 51 Ill.2d 17, 280 N.E.2d 697; *People v. Reiner* (1955), 6 Ill.2d 337, 129 N.E.2d 159.) If a party is not aggrieved by the operation of the challenged provision

the alleged unconstitutional features of an act must be so pervasive as to, if successfully interposed, render the entire act invalid. (*Huckaba v. Cox* (1958), 14 Ill.2d 126, 150 N.E.2d 832.) In *Edelen v. Hogsett* (1969), 44 Ill.2d 215, 254 N.E.2d 435, it was held that Article IV, section 26 of the Illinois 1870 Constitution, as modified by the Court of Claims Act, is not wholly invalid on its face so as to come within the scope of the foregoing exception. Thus, the plaintiff must establish that she is properly aggrieved to press her claim.

The fact situation in *Edelen* was similar to that of the present case. There, the plaintiffs brought an action against the State in the Circuit Court seeking damages for personal injuries allegedly incurred in an automobile accident. Their claim against the State was dismissed on the ground that it was precluded by section 26 of Article IV of the Illinois Constitution of 1870. The reviewing court affirmed the action of the trial court and refused to consider the plaintiffs' claim that section 26 violated the Fourteenth Amendment of the United States Constitution. The court declared that since the plaintiffs had made no effort to seek remedy against the State in the Court of Claims, they did not constitute aggrieved parties so as to enable them to challenge the constitutional prohibition of suits against the State.

The plaintiff's posture in the case before us differs from that of the plaintiffs in *Edelen* in these respects: in the Circuit Court the damages sought exceeded the amount payable in the Court of Claims and a jury trial was demanded; in the Court of Claims an action for relief was initiated by the filing of proper notices and the filing of a petition for damages. We must determine, therefore, whether these variances are sufficient to compel an outcome different from that in the *Edelen* case.

Illustrative of the preliminary steps an individual must take to be directly aggrieved by the operation of a provision allegedly contravening the Constitution is a case cited in the *Edelen* opinion. In *Gholson v. Engle* (1956), 9 Ill.2d 454, 138 N.E.2d 508, the plaintiff contended that a statutory provision was invalid which permitted the board issuing licenses for funeral directors to include in the qualifying examination questions pertaining to embalming. The court refused to consider the plaintiff's objection to that enactment since the plaintiff was not found to be directly affected by the statute as he had not actually taken the examination. This result was reached despite the plaintiff's argument that to have taken such an examination would have been futile.

The plaintiff contends that the remedy afforded her by the Court of Claims will be inadequate. However, she has not pursued her claim in that court far enough to determine what the ultimate disposition of the case will be. The evidence before that tribunal might establish that she

is not entitled to recover as a matter of law, that the deceased was guilty of contributory negligence, or that all the evidence considered in its aspect most favorable to the plaintiff so overwhelmingly favors the defendant that a verdict in the plaintiff's favor could not stand. On the other hand, assuming that she is entitled to damages, she might feel after considering the case presented by the State that the award of the court was just and that it would be unwise to further press her claim.

■■ We conclude that the mere filing of a petition in the Court of Claims does not satisfy the requirement of *Edelen v. Hogsett* that a party must first seek his remedy in that court prior to attacking the validity of Article IV, section 26 of the Illinois Constitution of 1870. This court will not anticipate constitutional questions, and the relatively minor inconvenience to the plaintiff of the postponement of decision does not alter our conclusion. *People v. Illinois Protestant Children's Home, Inc.* (1965), 33 Ill.2d 60, 210 N.E.2d 217.

It was not error to grant the defendant's motion to dismiss the plaintiff's complaint, and the order of the Circuit Court will be affirmed.

Affirmed.

McNAMARA and McGLOON, JJ., concur.