THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ULYSSES CAMPBELL, Defendant-Appellant.

(No. 72-198;

Third District—January 22, 1974.

*Rehearing denied February 25, 1974.*

Stephen Hurley, Assistant Appellate Defender, of Ottawa, for appellant.

Raymond G. Kimbell and Dwight L. Shoemaker, Assistant State's Attorneys, of Galesburg, for the People.

Mr. JUSTICE STOUDER delivered the opinion of the court:

Defendant, Ulysses Campbell, entered a plea of guilty in the Circuit Court of Knox County to Count I of an indictment in which he was charged with possession of 130.9 grams of cannabis in violation of section 704 of the Cannabis Control Act (Ill. Rev. Stat., 1972 Supp., ch. 56½, par. 704). Defendant was placed on probation for two years with the condition he spend 90 days at the State Farm in Vandalia. Defendant properly preserved the issue of the constitutionality of section 704 of the Cannabis Control Act which he raised by moving to dismiss the indictment and in his appeal to this court, he seeks our determination of this issue.

Chapter 56½, section 704 of the Illinois Revised Statutes, the statute involved, provides:

"It is unlawful for any person knowingly to possess cannabis. Any person who violates this section with respect to:

(a) not more than 2.5 grams of any substance containing cannabis is guilty of a Class C misdemeanor;

(b) more than 2.5 grams but not more than 10 grams of any substance containing cannabis is guilty of a Class B misdemeanor;

(c) more than 10 grams but not more than 30 grams of any substance containing cannabis is guilty of a Class A misdemeanor * * *

(d) more than 30 grams but not more than 500 grams of any substance containing cannabis is guilty of a Class 4 felony; * * *

(e) more than 500 grams of any substance containing cannabis is guilty of a Class 3 felony."

This provision of the statute was adopted by the legislature in 1971 when the legislature determined that the sale and possession of cannabis should be treated differently from the sale and possession of heroin and other "hard drugs".

On this appeal, defendant argues first, that the foregoing statute is violative of his constitutional rights to due process and equal protection of the law under the federal and state constitutions because the classification of seriousness is based on "substance containing cannabis". Secondly, defendant argues the statute denies him equal protection of the laws because the classification of the seriousness of the offense according to

different amounts of cannabis is arbitrary and unreasonable and there is no reasonable relationship to the purpose to be served by the statute.

With respect to defendant's first constitutional argument, an initial question must be answered. As applied to the facts and circumstances revealed by the charge and defendant's plea of guilty, is the constitutionality of the statute directly involved? Are the circumstances such that the defendant is aggrieved by the alleged unconstitutionality of the statute?

■■ A person may not question the constitutionality of a statute if he is not injuriously affected by the statute or if the statute operates to his advantage, and the court will not entertain objections to the constitutionality of a law unless objections are made by one whose rights have been or will be in some way actually affected injuriously. (I.L.P. *Constitutional Law*, seo. 41, *Manos v. State*, 10 Ill.App.3d 30, 293 N.E.2d 716 and *Rapacz v. Township High School District No. 207*, 2 Ill.App.3d 1095, 278 N.E.2d 540.) In our opinion the constitutional issues raised by the defendant's first argument are not directly involved in this case, the defendant is not aggrieved by those aspects of the statute to which he has addressed himself, and the reasons advanced do not suggest any discrimination or injury to him.

■■ So far as the facts and circumstances disclosed by the record are concerned, defendant was charged with and pleaded guilty to an offense based on his possession of ordinary cannabis. No claim is made that the weight of cannabis which the defendant possessed was based on the weight of any material, substance or ingredient other than cannabis. Accordingly, his claim that the statute could be deemed violated because it treated differently the possession of the same amounts of cannabis can be of no benefit to him because, so far as the facts of this case are concerned, there is no difference between possession of cannabis and a substance containing cannabis. Thus, we are not required to decide the constitutionality of the statute based on a speculative state of facts.

■■ With respect to defendant's second constitutional contention, namely that a classification of cannabis according to weight is arbitrary and unreasonable, we do believe such issue is appropriately raised. This argument is related to the classification of the seriousness of an offense of possessing cannabis. Defendant's argument is twofold. First, he contends the possession of cannabis is an innocuous circumstance and, in and of itself, the act of possession is not injurious either to a person or to society. Second, defendant contends that, in accord with whatever purpose is to be served by the act, the offense is complete by the possession of any amount of cannabis and hence, classification of seriousness

dependent upon the weight of cannabis possessed is unrelated to any purpose of the statute.

While we might agree the mere act of possession is not in and of itself injurious, the same can be said about any item of contraband. It is the use of the item and in particular its potential use which is the gist of the offense justifying the classification. There is a judicial obligation to insure that the power to classify has not been exercised arbitrarily. (*People v. McCabe,* 49 Ill.2d 338, 275 N.E.2d 407.) In so far as the statute specifies the seriousness of the offense in relation to the weight of cannabis, it is our conclusion that the amount of cannabis would be a significant factor in determining the seriousness of an offense, whether or not the legislature had seen fit to specify these factors in detail. The amount of cannabis is, we believe, directly related both to the frequency of use and to the total quantity which may be used. In either case, the purpose of the classification appropriately serves the legislative policy determination to prevent or reduce the consequences of cannabis use.

In accord with the foregoing, the judgment of the Circuit Court of Knox County is affirmed.

Judgment affirmed.

ALLOY, P. J., and DIXON, J., concur.