THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DAVID PETERSON, Defendant-Appellant.

(No. 72-309; ▮▮▮▮▮▮▮▮▮▮▮▮

Third District—February 8, 1974.

James Geis, Deputy Defender, of Ottawa (Richard Steck, Assistant Appellate Defender, of counsel), for appellant.

Martin Moltz, Assistant State's Attorney, of Monmouth, and James W. Jerz, of Model District State's Attorneys Office, of Elgin, for the People.

Mr. JUSTICE ALLOY delivered the opinion of the court:

This is an appeal by David Peterson from an order and judgment of the Circuit Court of Warren County finding Peterson guilty of possessing one gram of a substance containing lysergic acid diethylamide in violation of section 402(b) of the Controlled Substances Act (Ill. Rev. Stat. 1971, ch. 56½, § 1402(b)), and as a consequence of which Peterson was sentenced to serve one year at the Illinois State Penal Farm at Vandalia. When defendant Peterson was convicted, the imprisonment by which the offense was punishable was for not more than one year in a penal institution other than the penitentiary, or in the penitentiary for from one to eight years.

Defendant asserts on this appeal that (1) the trial court failed to comply with the Illinois Supreme Court Rule 402 when it accepted his plea of guilty (Ill. Rev. Stat. 1971, ch. 110A, § 402); (2) the legislative authority was delegated in violation of both the Illinois and the United States constitutions by allowing the trial judge to sentence those convicted as felons or as misdemeanants, and (3) that section 402 of the Controlled Substances Act (Ill. Rev. Stat. 1971, ch. 56½, § 1402) is violative of both constitutions because it allows penalties to be determined according to the weight of the substance containing the controlled substance, and that the graduated penalties provided by the Act were violative of the Constitutions because they were prescribed by arbitrary classifications.

In considering Peterson's contention as to Illinois Supreme Court Rule 402, it is noted that it is provided "in hearings on pleas of guilty, there must be *substantial compliance* [emphasis added] with the requirements set forth in the rule." We have noted previously that this rule stems basically from the case of *Boykin v. Alabama,* 395 U.S. 238, 23 L.Ed.2d 274, 89 S.Ct. 1709. The rule requires that, prior to accepting a guilty plea, a court must address the defendant personally in open court and inform him of, and determine that he understands, the nature of the charge, the minimum and maximum sentences which may be imposed as a result of conviction, that defendant has the right to plead not guilty, and that, if he pleads guilty, there will be no trial of any kind and he will be waiving his right to a trial by jury and to be confronted by the witnesses against him. The court is also required to determine that the plea is voluntary and that there is a factual basis for the plea.

The defendant challenges the guilty plea as having been deficient in three respects, namely, (1) that although he was informed that he had

the right to trial by jury and to confront the witnesses against him, he asserts that he was never informed that a plea of guilty would waive these rights; (2) that the court failed to inform him that he had a right to plead not guilty; and (3) that he was not informed of his privilege against self-incrimination. An examination of the record shows that appellant's first two assertions are not borne out by the record, and his final · assertion is not consistent with the law. The court in fact did instruct Peterson that a plea of guilty would cause him to waive his rights to a jury trial and to confront witnesses and the court did inform him that he had a right to plead not guilty.

■■ Although the record does not indicate that the court specifically informed Peterson of his privilege against self-incrimination, we note that Rule 402 requires only "substantial compliance" with the procedure it imposes. There was no requirement in *Boykin* that the court specifically inform the defendant of his right with respect to self-incrimination. In *People v. Reeves*, 50 Ill.2d 28, 276 N.E.2d 318 (1971), the Illinois Supreme Court specifically interpreted *Boykin* as not requiring any specific admonition or waiver with respect to constitutional rights. In *People v. Arndt*, 49 Ill.2d 530, 276 N.E.2d 306 (1971), the Illinois Supreme Court observed that even the United States Supreme Court was not interpreting *Boykin* literally to require such specific incantations. In *People v. Mendoza*, 48 Ill.2d 371, 270 N.E.2d 30 (1971), the Illinois Supreme Court reviewed a decision entered in a post-conviction proceeding wherein the petitioner had alleged that his guilty plea was void because the trial judge failed to inform him that, by pleading guilty, he would be waiving his privilege against self-incrimination and his right to confront witnesses. The Illinois Supreme Court affirmed the trial court's dismissal of the petition on the ground that, in spite of such failure, there had been substantial compliance with Rule 402. We conclude, therefore, in the case at bar that the trial court substantially complied with Rule 402 and that the record discloses that defendant's plea of guilty was both voluntary and understanding and that such appears affirmatively from the record. We, therefore, conclude that the plea of guilty was properly received.

■■ A specific contention is also made on appeal that the Illinois Controlled Substances Act invests in the trial judge the ability to sentence offenders to penitentiary imprisonment for more than one year or to non-penitentiary imprisonment for not more than one year, and that thereby defendant is denied equal protection of the law. We do not agree with this conclusion. We note that the challenged statutory section defined only one offense but prescribed a range of penalties which may be imposed *in the discretion of the trial court.* Penalties could be characterized as misdemeanors in some cases and felonies in others. We find

nothing abnormal in the breadth or nature of such discretion since the Illinois Criminal Code typically imposed and the Illinois Unified Code of Corrections typically now imposes, in the discretion of the trial court, a spectrum of severity of penalty for most offenses therein enumerated. We find nothing objectionable in the simple fact that the scope of such discretion with respect to section 402(b) includes penalties applicable to offenses defined as misdemeanors as well as penalties applicable to offenses defined as felonies. The discretion is vested in the judiciary and not in the prosecutor. The courts traditionally have been vested with the right and duty, within limits, to determine punishment as well as guilt. The General Assembly in enacting the Cannabis Control Act specifically granted such broad discretion as a means of dealing with the evils it had the right to prevent. A similar discretion is vested in the court in the Controlled Substances Act. For the reasons which we will discuss, we find that the grant of such discretion was not arbitrary but was reasonably calculated to achieve the permissible statutory objectives and, therefore, was constitutionally permissible.

■■ Viewed in the foregoing perspective, appellant's arguments constitute a broad attack on the State's system of criminal justice and judicial administration. Appellant relies heavily on *People v. McCollough*, 8 Ill. App.3d 963, 291 N.E.2d 505 (4th Dist. 1972). In that case, the Fourth District reversed the conviction of a defendant, who had been charged both with reckless homicide (a misdemeanor) and involuntary manslaughter (a felony) and who, following a bench trial, had been convicted of the former and found not guilty of the latter. Concluding that the two statutes under which the defendant was charged were exactly duplicative one of the other and that "prosecutorial choice," uncontrolled and unguided, was the only determinant of how a defendant would be charged and tried, the court found such discretion to constitute an unlawful delegation of legislative authority in violation of the equal protection clause of the Illinois Constitution. We respectfully disagree with the *McCollough* conclusion, clearly to the extent that the holding in such case implied that the delegation of punishment-fixing authority in the trial judge was improper. As long as courts are not *required* to impose the very same degree of punishment upon each person who commits the same offense, some risk always will exist that different offenders in identical circumstances will be treated differently. As long, however, as such discretion exists but is controlled by rational standards, we find nothing inherently unconstitutional in its mere existence.

Under the foregoing circumstances, involving a challenge to judicial rather than prosecutorial discretion, the authorities relied upon by neither the appellant nor the State appear precisely appropriate. To the

extent, however, that the analogy of permission of prosecutorial choice is instructive with respect to the issue before us, many courts have reviewed that issue and have found that, even when the defendant has been prosecuted and convicted under the statute bearing the more severe penalties, the defendant would not be heard to complain. (*People v. Singer*, 288 Ill. 113, 123 N.E. 327 (1919); *People v. Long*, 126 Ill.App.2d 103, 261 N.E.2d 437 (1st Dist. 1970).; *People v. Rhodes*, 38 Ill.2d 389, 231 N.E.2d 400 (1967); *People v. Morrissey*, 52 Ill.2d 418, 288 N.E.2d 397 (1972); *People v. Keegan*, 52 Ill.2d 147, 286 N.E.2d 345 (1971), *appeal dismissed* 406 U.S. 964 (1972).) Accordingly, we do not agree that the vesting in the trial judge of the sentencing discretion that was accorded by section 402(b) requires the reversal of appellant's conviction.

■■ As to the remaining issues involved, the constitutionality of the Illinois Controlled Substances Act is challenged on the ground that it violates the equal protection clauses of the Illinois Constitution of 1970 and the fourteenth amendment to the Constitution of the United States; that the penalties determined by the weight of the substance involved was also violative of such constitutional provisions; and, as a corollary, the Act arbitrarily imposes graduated penalties for possession of the offending substance. We have discussed similar issues at length in *People v. Kline* (No. 72-209, 3rd Dist.), 16 Ill.App.3d 1017, and in *People v. Campbell*, 16 Ill.App.3d 851.

■■ In the instant case it is contended that the Controlled Substances Act (Ill. Rev. Stat. 1971, ch. 56½, § 1402) is unconstitutional in that the degree of violation is determined by the measurement of the weight of a "substance containing" the offending substance (LSD) and not the amount of the LSD itself and that the Controlled Substances Act thereby violates the due process and equal protection clauses of the Illinois' and Federal constitutions. We pointed out in *People v. Campbell*, 16 Ill.App.3d 851, that a defendant, such as the defendant in this cause, was not in position to question the constitutionality of a statute if he is not affected by the provisions challenged or if the statute operates to his advantage. Essentially, objections of this nature must be made by one whose rights have been or will be injuriously affected (*People v. Campbell*, 16 Ill.App.3d 851; I.L.P. *Constitutional Law* § 41; *Manos v. State*, 10 Ill.App.3d 30, 293 N.E.2d 716; *Rapacz v. Township High School District No. 207*, 2 Ill.App.3d 1095, 278 N.E.2d 540). As noted in the *Campbell* case and as is true in the cause before us, defendant is not aggrieved by the aspects of the statute relating to a "substance containing" LSD. Defendant was charged with and pleaded guilty to an offense based upon his possession of a substance containing LSD. The section of the Controlled Substances Act prohibits possession of any amount of the con-

trolled substance (LSD) and fixes as a minimum penalty, imprisonment for a period of not more than one year. Defendant Peterson pleaded guilty to possession of one gram of a substance containing LSD in violation of section 402 of the Controlled Substances Act. He was sentenced to serve one year at the Illinois State Penal Farm at Vandalia. He, therefore, received the lesser penalty, and by his plea admitted that he was in possession of some LSD which in itself constituted a violation of the Act. Since defendant pleaded guilty to possession of LSD we are not required to determine the question of constitutionality based on a theoretical set of facts involving a determination of the actual amount of LSD. Therefore, defendant Peterson could not have been aggrieved, by the provisions of the Act relating to determination of the number of grams of "any substance containing" the LSD. The constitutionality of such provision should only be determined when a defendant is actually aggrieved by a set of facts involving classification where the weight of the substance containing LSD is involved.

On the other issues raised relating to the determination of the penalty by the weight of the offending substance as well as the issue raised with respect to penalizing possession rather than use, we have analyzed such issues in the parallel case of *People v. Kline* (No. 72-209, 3rd Dist.), 16 Ill.App.3d 1017. We do not believe it is necessary to repeat the observations which we made in the *Kline* case other than to point out that the discussions and conclusions therein set forth on the specific issues are dispositive of the same issues raised in the instant case. We, therefore, conclude, on the basis of such analysis, that the means set forth in the Controlled Substances Act (Ill. Rev. Stat. 1971, ch. 56½, § 1402) are reasonably calculated to attain the expressed permissible objectives in such Act.

For the reasons set forth, the conviction of David Peterson is affirmed.

Affirmed.

STOUDER and DIXON, JJ., concur.