THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. BRUCE L. KLINE, Defendant-Appellant.

(No. 72-209; ▮▮▮▮▮▮▮▮▮▮)

Third District—February 8, 1974.

James Geis, Deputy Defender, of Ottawa (Kent Osborne, Assistant Appellate Defender, of counsel), for appellant.

. Donald C. Woolsey, State's Attorney, of Galesburg (Raymond G. Kimball, Dwight L. Shoemaker, and James T. Moreno, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE ALLOY delivered the opinion of the court:

Bruce L. Kline appeals from a judgment of the Circuit Court of Knox County entered on June 5, 1972, which found Kline guilty of possession of more than ten grams of cannabis in violation of section 4(c) of the Cannabis Control Act (Ill. Rev. Stat. 1971, ch. 56½, § 704(c)). Kline was sentenced to serve sixty (60) days in the Knox County Jail. The judgment of guilty was entered upon a plea of guilty by defendant Kline to the offense charged. Prior to the plea of guilty by defendant Kline, he had moved to dismiss or quash the complaint against him on the ground that the Cannabis Control Act was unconstitutional. The trial court denied that motion. Defendant then waived prosecution by indictment and consented to a proceeding by information to which he pleaded guilty.

On appeal in this court, defendant asserts three general grounds for reversal of his conviction: (1) that defendant's conviction should be reversed because no transcript exists with respect to the hearing on his plea of guilty; (2) that the tender and acceptance of the plea of guilty to

comply with the requirements of Illinois Supreme Court Rule 402 (Ill. Rev. Stat. 1971, ch. 110A, § 402); and (3) that the statute under which defendant was convicted violates the United States and Illinois constitutions for the reason that (a) it provides penalties according to the weight of the substance containing the cannabis and (b) the penalties are prescribed by arbitrary classifications.

The charge to which defendant tendered his guilty plea was, as concerns us in consideration of the case before us, punishable by imprisonment other than in the penitentiary for not more than one (1) year (Ill. Rev. Stat. 1971, ch. 56½, § 704(c)). That offense now is defined as a Class A misdemeanor punishable by any term of imprisonment for less than one year (Ill. Rev. Stat., 1973 Supp., ch. 56½, § 704(c), and ch. 38, § 1005—8—3). The same offense was classified at the time of Kline's conviction as a misdemeanor. Ill. Rev. Stat., 1972 Supp., ch. 38, §§ 2—7, 2—11.

The courts of this State have had occasion in many cases to consider Illinois Supreme Court Rule 402 referred to which requires "substantial compliance" with the provisions therein set forth with respect to the tender and acceptance of pleas of guilty. We have noted in the past that such Rule 402 was at least partially the result of *Boykin v. Alabama,* 395 U.S. 238, 23 L.Ed.2d 274, 89 S.Ct. 1709 (1969). The Supreme Court in the *Boykin* case enunciated the minimal requisites governing acceptability of guilty pleas in State proceedings. It was basically held that defendant must have entered such plea both voluntarily and understandingly. The Illinois Rule 402 gave "visibility" to any agreement upon which a plea of guilty was based (See Ill. Rev. Stat., ch. 110A, § 402 Committee Comments).

Subsection (e) of Rule 402 is addressed to the issue raised by the defendant's contention as to the absence of a transcript in the following language:

"(e) *Transcript Required.*

In cases in which the defendant is charged with a crime punishable by imprisonment in the penitentiary, the proceedings required by this rule to be in open court shall be taken verbatim, transcribed, filed, and made a part of the common-law record."

Since, by its terms, the offense of which Kline was convicted, was not punishable by penitentiary imprisonment, we must look elsewhere than to Rule 402(e) for a requirement, if any, that a transcript must have been prepared.

Defendant Kline argues, on the authority of *Mayer v. Chicago,* 404 U.S. 189, 30 L.Ed.2d 372, 92 S.Ct. 410 (1971), that Rule 402(e) creates an irrational distinction between penitentiary and non-penitentiary im-

prisonment. The court in *Mayer* found that Illinois Supreme Court Rule 607(b) (Ill. Rev. Stat. 1971, ch. 110A, § 607(b)) violated the fourteenth amendment of the United States Constitution because it required that a free transcript be given indigents only in felony and not in nonfelony cases. Kline argues, further, that even if a verbatim transcript were not required, the People must afford indigents a "record of sufficient completeness" to permit proper consideration of their claims. *Draper v. Washington*, 372 U.S. 487, 499, 9 L.Ed.2d 899, 83 S.Ct. 774 (1963), quoting *Coppedge v. United States*, 369 U.S. 438, 446, 8 L.Ed.2d 21, 28, 82 S.Ct. 917, 921 (1962).

The appellant misplaces his reliance on the foregoing authority. That authority prescribes what materials a State must provide to an indigent. The issue at bar, on the other hand, concerns not whether Kline had a right to receive certain materials because he was indigent, but, rather, whether, regardless of indigency, a verbatim transcript of proceedings at which a plea of guilty is tendered and accepted must have been prepared in the type of proceeding now on appeal. *Mayer* was based upon the Supreme Court's finding that the size of the defendant's pocketbook bore no more relationship to his guilt in felony than in nonfelony cases, and that, therefore, the classification of the offense was an untenable basis upon which to deny a free transcript to an indigent. The issue confronting us, on the other hand, does not involve any distinction based on ability to pay but only a distinction based on a particular type of proceeding, regardless of ability to pay. Rule 402(e) requires a verbatim transcript in a certain type of proceeding for *all* defendants and (again for *all* defendants) does not require such transcript for a certain other type of proceeding. It is notable that facilities or personnel for preparation of a transcript of record, in minor criminal matters, are simply not available in most courts in this State. We do not read *Mayer*, or its progeny, including *Draper, supra,* and *Coppedge, supra,* as requiring a verbatim transcript in particular types of cases, but merely as requiring that "Destitute defendants must be afforded as adequate appellate review as defendants who have money enough to buy transcripts," *Mayer v. Chicago*, 404 U.S. 189, 193, 30 L.Ed.2d 372, 378, 92 S.Ct. 410, 414 (1971), quoting *Griffin v. Illinois*, 351 U.S. 12, 100 L.Ed. 891, 76 S.Ct. 585, 591 (1956).

■■ We are not, however, by the foregoing analysis, making an absolute determination that verbatim transcripts need be prepared in conformity with Rule 402(e) only in the proceedings for which such transcripts therein are prescribed, and that no record for appellate review of guilty pleas need be made in all other proceedings. Rather, we note that Illinois Supreme Court Rule 323(c) and (d) does allow alternate means

for the preparation of a record with respect to review of such pleas, or other procedure where no verbatim transcript is available. (Ill. Rev. Stat. 1971, ch. 110A, § 323(c) and (d)). Given (1) the existence of such alternative means, (2) the State's interest in economizing the costs of judicial administration, and (3) the failure of Kline in the case at bar even to have attempted to use such other means, it is obvious that a verbatim transcript of the guilty plea proceedings was not a *sine qua non* of a sustainable conviction based upon such plea.

We are considering whether it has shown that the State failed to comply substantially with the requirements of Rule 402. Based on our foregoing discussion, we consider the appellant to have had the responsibility, in the case at bar, either of presenting a record on appeal sufficient to have allowed us to find the alleged noncompliance of which he complains or of being bound by what is disclosed by the record which in fact is before us. No supplementary record whatever was tendered in conformity with Rule 323. See Ill. Rev. Stat., ch. 110A, § 323(c). (Use of the Rule is readily available to indigents.)

■■■ The only "record" before us of the guilty plea proceedings is that shown by the minutes of the court clerk. Such minutes, brief in form and limited in scope, recite that the defendant tendered a plea of guilty, that he then was "advised by the Court as to his rights and the possible consequences upon his said plea of guilty entered herein"; that the court explained to him "his full legal and constitutional rights in the premises, and his right to a trial by a jury and to require proof of the charged offense beyond all reasonable doubt, and to confront and cross-examine witnesses"; that the defendant waived his right to a jury trial and persisted in his plea; and that the court accepted the plea and adjudged the defendant guilty. The presumption is that the common law record imports verity unless contradicted by other facts in the record. (*People v. Williams*, 27 Ill.2d 327, 329, 189 N.E.2d 314 (1963); *People v. Irvin*, 6 Ill.App.3d 550, 286 N.E.2d 105 (2d Dist. 1972).) We perceive no such contradiction in this record. We believe the "record" does show compliance with Supreme Court Rule 402.

Defendant also challenges the constitutionality of the section of the Cannabis Control Act pursuant to which he was convicted. The same issues are before this court in the cases of *People v. Peterson* (No. 72-309, 3rd Dist.), 16 Ill.App.3d 1025; and *People v. Campbell*, 16 Ill.App.3d 851. In the *Campbell* case, the issues are raised with respect to cannabis and the Cannabis Control Act and in the *Peterson* case, issues are raised with respect to lysergic acid diethylamide (LSD) and the Illinois Controlled Substances Act (Ill. Rev. Stat. 1971, ch. 56½, § 1100 *et seq.*).

■■■ The instant case, *People v. Kline; People v. Peterson* (No. 72-309,

3rd Dist.), 16 Ill.App.3d 1025, and *People v. Campbell*, 16 Ill.App.3d 851, constitute a trilogy of cases raising similar constitutional objections. In the instant case, it is contended that the Cannabis Control Act (Ill. Rev. Stat. 1971, ch. 56½, § 704) is unconstitutional in that the degree of violation is determined by the measurement of the weight of a "substance containing" the cannabis and not the amount of the cannabis itself and that the Cannabis Control Act thereby violates the due process and equal protection clauses of the Illinois and Federal constitutions. We pointed out in *People v. Campbell*, 16 Ill.App.3d 851, that a defendant, such as the defendant in this cause, was not in position to question the constitutionality of a statute if he is not affected by the provisions challenged or if the statute operates to his advantage. Essentially objections of this nature must be made by one whose rights have been or will be injuriously affected (*People v. Campbell*, 16 Ill.App.3d 851; I.L.P. Constitutional Law § 41; *Manos v. State*, 10 Ill.App.3d 30, 293 N.E.2d 716; *Rapacz v. Township High School District No. 207*, 2 Ill.App.3d 1095, 278 N.E.2d 540). As noted in the *Campbell* case and as is true in the cause before us, defendant is not aggrieved by the aspects of the statute relating to a "substance containing" cannabis. Defendant was charged with and pleaded guilty to an offense based on his possession of cannabis. There is no assertion that the weight of any material, substance or ingredient other than cannabis was involved. Consequently, since defendant pleaded guilty to the possession of cannabis we are not required to determine the constitutionality of the statute based on a theoretical set of facts involving a situation where the classification of the seriousness of the offense would be determined by the weight of the "substance containing" cannabis.

Appellant also argues that (1) the classifications of penalties applicable, respectively, to possession of varying weights of cannabis are arbitrary and, therefore, violative of equal protection of the laws and of due process of the law and (2) by enabling the State effectually to punish for use, which is not a crime, rather than for possession, which is a crime, the use of classifications eliminates the requirement that the State prove use (as opposed to possession) beyond a reasonable doubt and, therefore, deprives accused of due process of law.

■■ We have previously observed in the *Campbell* case that the amount of cannabis clearly could be directly related to the frequency of the use and to the total quantity which may be used. Appellant does not challenge the right of the General Assembly to regulate the possession and dissemination of cannabis. The prime purpose of the legislature in imposing progressively more severe punishment for possession of greater weights of cannabis obviously was to punish more severely the profiteer

and trafficker, than the unlawful user and the petty distributor. It was reasonable for the legislature to conclude that the possession of greater weights of cannabis would involve a greater potential for illegal dissemination of the proscribed substance. We have concluded and reaffirmed that the imposition of such penalties directed to the weight of the offending substance is clearly not arbitrary but is reasonable in view of the statutory objective. The General Assembly's definition of the particular classes with respect to which particular penalties can be applied appears a reasonable means of attempting to effectuate the statutory intent, much as the imposition of progressively greater penalties for progressively greater violations of motor vehicle speed limits seems to be a reasonable means of controlling certain anti-social results of motor vehicle use.

Appellant argues that the gravamen of the offense is possession, *per se,* and that no valid purpose is served by punishing progressively more severely the possession of progressively greater amounts. Largely for the reasons we already have discussed, we do not agree. It becomes apparent that possession of the contraband is prohibited as a means to the end of controlling use and delivery (Ill. Rev. Stat. 1971, ch. 56½, §§ 701 and 1100). As we previously mentioned, no question is raised as to the legal ability of the State to control the dissemination or use of cannabis. A prohibition of possession, *per se,* is obviously one means of controlling such dissemination and use, and, as we previousy have determined, a reasonable nexus exists between (1) imposing progressively more severe penalties on possession of progressively greater weights and (2) control of dissemination and use. Accordingly, even though use, *per se,* indeed is not outlawed, use, *per se,* is one of the evils sought to be prevented, and control of possession through the imposition of progressively greater penalties based on weight possessed appears a reasonable means of controlling the evil which is sought to be prevented. Given this relationship, it is clear that the State could control use and delivery by means of controlling possession.

■■ Addressing ourselves now to the second of appellants' last arguments, we do not concur that, by using the statutes to impose a progressively greater degree of penalty upon possession of progressively greater amounts of cannabis, the State really is punishing use rather than possession. The state is crystal clear, by its own terms (Ill. Rev. Stat. 1971, ch. 56½, § 704), that possession is the defined offense. Any person reading the statute could not entertain any reasonable notion that the statute failed to apprise him of what he could and could not do with the substance to which reference therein is made. (*Cf. Winters v. New York,* 333 U.S. 507, 92 L.Ed. 840, 68 S.Ct. 665 (1948); and *Baim v. Fleck,* 406

Ill. 193, 92 N.E.2d 770 (1950).) Hence, we do not agree with appellant's "unconstitutional for vagueness" argument. Possession alone constitutes the violation.

Nor do we agree that, by outlawing possession and applying the graded penalties to it, the State really either is punishing use or intent to sell without proving use or such intent. The statute clearly defines the offense as possession, and it punishes possession. This is proper even if punishing possession is employed as a means of controlling use and delivery. Appellant appears to be confusing the object of the statutes, control of use and delivery, with the proof that would be required if the offenses in question were defined not as possession but rather as use and delivery. *Sharp v. Commonwealth,* 213 Va. 269, 192 S.E.2d 217 (1972), upon which appellant relies, merely held that delivery or intent to deliver could not be proved (inferred) beyond a reasonable doubt simply by proof of an amount possessed. The issue involved in that case does not confront us here, since (1) appellant was convicted of possession and not delivery and (2) no attempt was or need have been made to prove any delivery. Based upon our foregoing analysis, we do not believe that there is any compelling reason why the State must define an offense in terms of elements which are more difficult to prove, when, consistently with the principles we have discussed, the same evil reasonably can be regulated by direct control of acts that permit more effective enforcement and more certain proof of violation.

For the foregoing reasons, the conviction and sentence of Bruce L. Kline is affirmed.

Affirmed.

STOUDER and DIXON, JJ., concur.