THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* STEPHEN HESSE, Defendant-Appellant.

(No. 72-322;

Third District—April 18, 1974.

Robert Agostinelli, Assistant Appellate Defender, of Ottawa, for appellant.

Martin P. Moltz, of Model District State's Attorneys Office, of Elgin, for the People.

Mr. JUSTICE STOUDER delivered the opinion of the court:

Defendant, Stephen Hesse, was found guilty of two counts of unlawful possession of cannabis by the circuit court of McDonough County. He was sentenced as to Count I to be placed on 3 years' probation, the first 90 days of which he was to be confined in the Illinois State Farm at Vandalia, Illinois, without credit for good time. As to Count II defendant was sentenced to 90 days in the Illinois State Farm at Vandalia with a sentence credit time of 28 days for time spent in the McDonough County Jail.

The evidence disclosed that a United States Postal Inspector intercepted a parcel mailed from outside the United States and informed a special agent with the Bureau of Customs of the United States Treasury Department named Serra that the package contained 1 pound of hashish. Serra opened the package and discovered a wax candle inside of which was imbedded the hashish. The package was addressed to defendant in Macomb, Illinois. Serra took the package to the Macomb Post Office to Postal Inspector Rennie and Sheriff Bliven. The package was again opened and inspected, then resealed and signed over to Inspector Rennie, and then to Sheriff Bliven who placed it on the post office shelf ready for pick up. Defendant went to the post office and found the slip in his postal box indicating there was a package for him. He presented the slip to the postmistress who suggested defendant check the contents of the package since the box was damaged. Defendant went to a nearby table, opened the package, examined the contents, then returned to the window to sign a receipt card. Police officers observed the transaction and defendant was arrested as he left the post office with the package. Following the arrest, the police conducted a warrantless search of the package and also of the person of defendant, where inside his top coat pocket was a small packet of hashish and inside his right coat pocket was a small bottle also containing hashish.

In a pretrial motion defendant raised the issue of suppression of the

evidence discovered after his arrest. The motion was denied, the trial court finding there was probable cause for the arrest and search.

■■ Defendant's first contention is that there is an absence of evidence from which one could reasonably infer the defendant had "knowing" possession of cannabis found in the package. Defendant's knowledge of the presence of narcotics in addition to his immediate possession and control thereof is essential to prove the crime of possession of narcotics. (*People v. Smith*, 20 Ill.2d 345, 169 N.E.2d 777, and *People v. Mack*, 12 Ill.2d 151, 145 N.E.2d 609.) The brief and argument of defendant point out the statement made by defendant that when he opened the box he observed a white candle and some packing paper, but defendant fails to take into account the evidence presented by the State concerning what could be observed in the package. Serra, a special agent with the Bureau of Customs of the United States Treasury Department, a witness for the State who had inspected the package prior to defendant's observation of the package, testified that as a person looked into the box from the top, the hashish was clearly exposed. Another State witness was Sheriff Bliven who testified that he looked on while defendant opened the package and stated the hashish was easily observable. Deputy Sheriff Barry testified the hashish was observable in the package.

■■ It is our opinion that rather than an absence of evidence to prove defendant guilty beyond a reasonable doubt, there is merely a conflict in the evidence. As indicated by the Illinois Supreme Court in *People v. Galloway*, 28 Ill.2d 355, 192 N.E.2d 370, we believe that whether there is knowledge is a question of fact to be determined by the jury and the findings of the jury will not be disturbed on review unless so palpably contrary to the verdict or so unreasonable, improbable or unsatisfactory as to create a reasonable doubt of guilt.

■■ Defendant calls our attention to *People v. Ackerman*, 2 Ill.App.3d 903, 274 N.E.2d 125, where the defendant received a package containing LSD addressed to an unknown person in care of defendant. In *Ackerman* the defendant did not have the opportunity to inspect the contents of the package nor did he even open the package prior to his arrest. There is no evidence of the defendant's knowledge in *Ackerman*, whereas in the instant case it can be inferred from Hesse's acts and from the testimony of the State witnesses that Hesse had knowledge of the contents of the package. We believe the evidence was sufficient to support the jury's finding that the defendant was guilty beyond a reasonable doubt.

Defendant's next contention relates to the constitutionality of section 4 of the Cannabis Control Act (Ill. Rev. Stat. 1971, ch. 56½, sec. 704), under which he was convicted. He maintains the statute is violative of the due process and equal protection clauses of the Federal and State

constitutions by providing penalties to be determined by the weight of the "substance containing cannabis" and also by distinguishing between persons placed within different penalty provisions. These issues are raised in the same manner in previous cases decided by this court (*People v. Campbell*, 16 Ill.App.3d 851, 307 N.E.2d 395, and *People v. Kline*, 16 Ill.App.3d 1017, 307 N.E.2d 398) where such issues are discussed at length. We believe no further discussion is required at this time.

■■ Finally defendant contends his motion to suppress evidence was improperly denied because his warrantless arrest and subsequent search were without probable cause or in the alternative even if the arrest was lawful, the subsequent search of defendant's person was unlawful. According to the Illinois Code of Criminal Procedure (Ill. Rev. Stat. 1971, ch. 38, sec. 107—2(c)) a peace officer may arrest a person without a warrant if he has reasonable grounds to believe the person is committing or has committed an offense. Considering the evidence presented at the trial, discussed earlier in this opinion on the issue of knowledge and considering also the jury's finding of guilt, we believe the officers had reasonable grounds to believe defendant knew the package he was carrying contained cannabis at the time he was arrested.

■■ In view of the fact the arrest was lawful, we next consider whether the subsequent search of his person was proper. Defendant states in his brief that the Illinois Code of Criminal Procedure (Ill. Rev. Stat. 1971, ch. 38, sec. 108—1) controls in the instant case and that he is not within one of the categories described. We disagree. The statute provides in part that where a lawful arrest is made the peace officer may reasonably search the person arrested to discover articles which may constitute evidence of an offense. It is proper to search a person without a search warrant and the evidence obtained is admissible, if the search is incident to a lawful arrest. (*People v. Wilson*, 45 Ill.2d 581, 262 N.E.2d 441.) It is our opinion the arrest and the subsequent search of defendant were lawful and the evidence seized was admissible at the trial.

For the foregoing reasons, the judgment of the circuit court of McDonough County is affirmed.

Judgment affirmed.

ALLOY and DIXON, JJ., concur.