THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* TODD CARPENTIER, Defendant-Appellant.

(No. 73-177; )

Third District—July 18, 1974.

James Geis, of the State Appellate Defender's Office, of Ottawa, for appellant.

David DeDoncker, State's Attorney, of Rock Island, for the People.

Mr. JUSTICE ALLOY delivered the opinion of the court:

Defendant Todd Carpentier appeals from a conviction for unlawful delivery of controlled substances, less than 30 grams of heroin and less than 30 grams of LSD, in the Circuit Court of Rock Island County. Defendant pleaded not guilty and was convicted following a jury trial and sentenced to the term of 3 to 9 years on each of two counts with the sentences to run concurrently.

On appeal in this court, defendant asserts that the trial court committed reversible error by refusing to instruct the jury on entrapment, and, also, contends that the conviction was based on a statute which violates due process and equal protection of the laws and is, therefore, unconstitutional.

■■ On the issue as to unconstitutionality, we have considered the issues raised by defendant in a number of recent cases. (*People v. Kadlec* (1974), 21 Ill.App.3d 289; *People v. Campbell* (1974), 16 Ill.App.3d 851, 307 N.E.2d 395; *People v. Kline* (1974), 16 Ill.App.3d 1017, 307 N.E.2d 398; *People v. Peterson* (1974), 16 Ill.App.3d 1025, 307 N.E.2d 405.) In the cases referred to, we have already determined that there is no substance to the arguments raising the issue of unconstitutionality in the instant case.

The contention as to the failure to instruct on entrapment, however, creates a problem different in character which must be analyzed in light of the facts in this cause. It appears from the record that the defendant Carpentier's defense at his jury trial was entrapment. Defendant requested an entrapment instruction. This was refused by the trial court.

It appears from the record that defendant stated that one Joe Waterman, a friend, tried on four occasions in approximately a 1-month period to persuade defendant to commit the offense in question by procuring and selling to Waterman certain controlled substances. Waterman was actually a convicted felon who was a special employee-informer for the Illinois Bureau of Investigation. The informer first solicited Carpentier to violate the law at a gas station where Carpentier was working, at which time the informer tried to sell Carpentier some marijuana, but Carpentier did not agree to this request. On a second occasion, the informer tried to talk to Carpentier at a night club and stated that he had recently been robbed of all the informer's marijuana and that the informer was in trouble because of this loss. He then asked Carpentier to help him by obtaining some LSD which the informer could sell to recover his loss. Carpentier responded that he would "check around" and gave the informer two telephone numbers where the informer could reach him. He apparently did nothing to obtain the requested narcotics for the informer at this time. A short time later, the informer told Carpentier that the informer's girl friend was addicted to heroin and needed some and asked Carpentier to help him out by obtaining some heroin for her. Carpentier did not obtain such narcotics.

The informer, on a fourth occasion, telephoned Carpentier and asked him for narcotics and Carpentier thereupon called a source in Davenport and obtained the desired narcotics for the informer. Defendant made two separate deliveries, one inside the restaurant to the informer, with no money being exchanged, and the other in defendant's car, where $30 was given to the defendant. Defendant boasted that very few white men were able to obtain the narcotics from the particular place in Davenport where defendant had obtained them and, also, defendant offered to sell the informer hashish, needles or syringes. The testimony was also to the effect that the defendant had paid some $100 to buy narcotics from the place where he had obtained them for the informer. Defendant was arrested 7 months later.

■■ The defense of entrapment was raised during the trial and defendant requested that an entrapment instruction be given. As indicated, the trial court refused the instruction. Defendant contends that under the precedents, very slight evidence of entrapment is sufficient to raise a question of fact for the jury. The case of *People v. Khamis*, 411 Ill. 46, 103 N.E.2d 133, 136, is cited in support of such contention. In that case, the Supreme Court of Illinois pointed out that the court does not weigh the evidence upon a question of whether any instruction is proper on a certain theory, but that very slight evidence on a given theory of the case will justify the giving of an instruction. (See also *People v. Matter*, 371

Ill. 333, 20 N.E.2d 600, 602, and *People v. Papas*, 381 Ill. 90, 44 N.E.2d 896, 898.) In the United States Supreme Court it was determined that, unless the court could decide the issue as a matter of law, the factual issue of whether a defendant has been unlawfully entrapped is for the jury as part of its function of determining the guilt or innocence of the accused. *Sherman v. United States*, 356 U.S. 369, 377, 2 L.Ed.2d 848, 854, 78 S.Ct. 819 (1958).

The issue, therefore, before the court was whether the evidence against entrapment was so clear and convincing that it could be said as a matter of law that there was no entrapment. When we review all of the testimony of defendant in a light most favorable to the defendant, we cannot say that there is no evidence in favor of entrapment. It is not contended by defendant that the evidence presented at the trial is sufficient to constitute entrapment as a matter of law. Defendant contends solely that there was enough evidence to entitle him to the benefit of an entrapment instruction to the jury.

In approaching this issue, we note that the Illinois Criminal Code (Ill. Rev. Stat. 1971, ch. 38, § 7—12) defines entrapment as follows:

> "A person is not guilty of an offense if his conduct is incited or induced by a public officer or employee, or agent of either, for the purpose of obtaining evidence for the prosecution of such person. However, this Section is applicable if a public officer or employee, or agent of either, merely affords to such person the opportunity or facility for committing an offense in furtherance of a criminal purpose which such person has originated."

In the Committee Comments which follow the statutory language (S.H.A. (1972), ch. 38, § 7—12, at 439), it is stated:

> "Section 7—12 states the defense of entrapment in general terms in essentially the language which the Illinois Supreme Court has used in cases citing with approval the Sorrells case [Sorrells v. United States, 287 U.S. 435, 77 L.Ed. 413, 53 S.Ct. 210 (1932)]. A more detailed definition does not seem feasible at the present * * * since the existing court opinions do not sufficiently outline its scope or settle various problems which would affect the expression of a detailed definition. * * *"

It is pointed out in the United States Supreme Court cases that the principal element in the defense of entrapment is whether defendant was predisposed to commit the crime. In *Sorrells v. United States*, 287 U.S. 435, 77 L.Ed. 413, 53 S.Ct. 210, a Federal prohibition agent visited defendant while posing as a tourist and engaged him in conversation about their common war experiences. After he had gained defendant's confidences the agent asked for some liquor and was twice refused but upon

asking a third time defendant finally agreed and was subsequently prosecuted for violating the National Prohibition Act. The Court held in the *Sorrells* case that the defense of entrapment should have been available to the defendant. Under the theory propounded by the majority in that case, it was held that an entrapment defense prohibits law enforcement officers from instigating criminal acts by persons "otherwise innocent in order to lure them to its commission and to punish them." (287 U.S. at 448.) In the *Sorrells* decision it is implicit that no predisposition of a defendant to commit the offense for which he is being prosecuted would be inferred from the fact that defendant had access to a source of illegal liquor and did in fact obtain some. In *Sherman v. United States,* 356 U.S. 369, 2 L.Ed.2d 848, 78 S.Ct. 819, the Court reaffirmed the *Sorrells* holding. In that case, the defendant was convicted of selling narcotics to a government informer. The confidence of the defendant was gained and despite initial reluctance, defendant finally acceded to the repeated requests to commit the criminal act. The Court, following *Sorrells* in such case, reversed defendant's conviction.

As stated by Chief Justice Warren, the Court said the line must be drawn between a trap for the unwary innocent and a trap for the unwary criminal. (See also *United States v. Russell,* 411 U.S. 423, 36 L.Ed.2d 366, 93 S.Ct. 1637 (1973).) In the *Russell* case, the defendant was convicted of unlawfully manufacturing and selling methamphetamine where the defense was that he was entrapped into committing the offenses by government undercover agent who supplied the essential ingredient in the manufacture of the substance. The Court there affirmed the conviction and held that defendant's lack of predisposition to commit the crime was a principal element of entrapment and that since defendant conceded in the court of appeals that the jury could have found him predisposed to commit the offense, that was fatal to his claim of entrapment.

■■ While there is evidence in the instant case which might persuasively indicate that the defense of entrapment would not be sustained, we note that defendant does not contend as a matter of law that the evidence presented at the trial constituted entrapment. He simply asserts that there was some evidence in favor of such defense which raised an issue of fact and which should have gone to the jury. With this contention we agree since there is no evidence which shows that Carpentier was a drug pusher who was merely awaiting a proper opportunity to sell drugs when he was approached by the informer. As a matter of fact, it is indicated to this court on appeal that Carpentier had no previous arrests or convictions for drug-related offenses prior to the instant case. It may very well be that he was in close contact with narcotics dealers and other

persons who were in the narcotics culture. While we might personally be disposed to find on the record that there was no entrapment in the cause before us, and hesitate to reverse a case solely on the ground of the failure of the trial court to give an entrapment instruction, we believe that the facts and circumstances in the cause before us are such that the omission to give the entrapment instruction requires a reversal and remandment of this cause. Since defendant elected to have a jury trial and not a bench trial he was entitled to have the jury determine the validity of his entrapment defense in view of the record in the case. This cause is, therefore, reversed and remanded to the Circuit Court of Rock Island County with directions to proceed in accordance with the views expressed in this opinion.

Reversed and remanded with directions.

SCOTT, P. J., and STOUDER, J., concur.