THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
JAMES N. DEBECK, Defendant-Appellant.

Third District   No. 3—89—0112

Opinion filed September 25, 1990.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for
appellant.

Marc Bernabei, State's Attorney, of Princeton, and John X. Breslin and Elizabeth Klug, both of State's Attorneys Appellate Prosecutor's Office, of Ottawa, for the People.

JUSTICE STOUDER delivered the opinion of the court:

A jury convicted the defendant, James N. DeBeck, of unlawful distribution of a look-alike substance (Ill. Rev. Stat. 1989, ch. 56½, par. 1404(b)). The trial court subsequently sentenced him to two years' probation, a three-month jail term, and $1,370 in fines and fees. The defendant appeals.

The record shows that Raymond Moss testified at the defendant's trial that on March 4, 1988, he was arrested for unlawful delivery of cannabis. On the day of his arrest, he agreed to serve as a police informant. After he told the police that the defendant had previously offered to sell cocaine to him, he and the police agreed that he would attempt to set up a cocaine purchase with the defendant.

Moss testified that on the morning of March 5, 1988, he went to the defendant's home and asked to buy a few grams of cocaine from him. The defendant said he did not have any cocaine, but that he could get some by 1 p.m. He also said that Moss would get a better deal if he purchased an eighth of an ounce. Moss replied that he and "Joe," who was actually undercover officer Greg Johnson, would purchase an eighth of an ounce together. The two then agreed to meet at Moss' house at 1 p.m.

Moss testified that later in the day, the defendant arrived at his home. When Officer Johnson asked him if he had the cocaine, the defendant asked Moss to come outside. After Moss did so, the defendant said he wanted to deal only with him. Moss went back inside to get some money from Johnson, returned, and paid the defendant $175 for the substance. The defendant then offered to sell Moss a quarter ounce of cocaine in the future.

Moss stated that pursuant to a plea agreement, he later pled guilty to unlawful delivery of cannabis. He received two years' probation, a six-month jail term, and fines and court costs totalling $990.

Officer Johnson generally corroborated Moss' testimony about the sale, except he said that during the sale he referred to the substance as "stuff" and not cocaine. He further testified that on March 22, 1988, he spoke with the defendant about the offense. After the defendant was given *Miranda* warnings, he signed a statement in which he admitted selling Moss a white powdery substance for $175. He also admitted in the statement that although he knew the substance was not cocaine, he told Moss that it was. Additionally, he

averred that he offered to sell Moss a quarter ounce of cocaine for $325.

A forensic scientist testified that the substance did not contain cocaine. However, he detected "ephridine," a stimulant, and tetracaine, an anesthetic, in it.

The defendant testified that on March 4, 1988, Moss had approached him about buying cocaine. The defendant refused to sell him any. Moss then asked him if he had anything else to sell, and the defendant produced a white powdery substance which was sold commercially as incense. Moss placed some on his tongue and said that he and his friend Joe would buy some. Moss said that he wanted to buy the substance, knowing it was not cocaine, because he wanted to "stiff" Joe.

The defendant further testified that the next day he sold Moss the substance. He admitted that he felt no pressure to sell the substance and that he did so to help Moss and to make a profit. He further stated that he signed the confession because Officer Johnson said that he would go to jail if he did not.

The defendant stated that on March 24, 1988, Officer Johnson approached him about working as an informant. The officer told him that his charges would be dropped if he cooperated. The defendant agreed to be an informant. In the ensuing months, he set up five drug transactions for the police. He said that although he did not expect to be arrested or charged for the March 5 offense, the police did so in October of 1988. He stayed in jail for about 2½ days until he posted bond. Moss was also booked the same day, but he did not go to jail.

The prosecutor was then allowed to question the defendant, over defense counsel's objection, about a letter the defendant had received from the prosecutor regarding a possible plea agreement. The defendant verified that, in the letter, the prosecutor proposed that in return for a guilty plea, the defendant would receive two years' probation, a $1,000 fine, and a six-month jail term. The letter further stated that if the defendant provided testimony in two other cases, he would not have to serve the jail sentence.

At the instructions conference, defense counsel requested that the jury be instructed on entrapment. The trial court denied the request.

The jury subsequently found the defendant guilty of the charged offense. The trial court sentenced him to two years' probation, three months in the county jail with a provision for work release, a $1,000 fine, $170 in court costs, $175 in restitution to the State's Attorney's

office, and a $25 monthly probation service fee.

The defendant first argues on appeal that the trial court erred in refusing to instruct the jury on entrapment. He contends that he presented sufficient evidence of entrapment for the question to go to the jury.

■■ ■ Entrapment occurs when State officers implant in the mind of an innocent person the disposition to commit an offense and induce the commission of the offense in order to prosecute. (Ill. Rev. Stat. 1989, ch. 38, par. 7—12; *People v. Boalbey* (1986), 143 Ill. App. 3d 362, 493 N.E.2d 369.) Entrapment is a factual question for the jury, unless it can be determined as a matter of law. (*People v. Carpentier* (1974), 20 Ill. App. 3d 1024, 314 N.E.2d 647.) The defense does not apply if the defendant was predisposed to commit the crime. (*People v. Cross* (1979), 77 Ill. 2d 396, 396 N.E.2d 812.) Moreover, appeals to sympathy or friendship are not sufficient to establish the defense. (*People v. Washington* (1967), 81 Ill. App. 2d 162, 225 N.E.2d 673.) Where the defendant was predisposed to sell the illegal substance and was motivated solely by profit, the trial court may properly refuse to instruct the jury on entrapment. *People v. Upton* (1987), 151 Ill. App. 3d 1075, 503 N.E.2d 1102.

■ Here, the defendant admitted that he possessed the look-alike substance, which had stimulative and anesthetic properties, before Moss asked to purchase cocaine. He further admitted that he felt no pressure to sell the substance and that he did so to help a friend and to make money. The defendant's own testimony therefore established as a matter of law that he was not entrapped. (See *Upton*, 151 Ill. App. 3d at 1081, 503 N.E.2d at 1106.) Accordingly, we find that the court did not err in refusing to instruct the jury on entrapment.

The defendant next argues on appeal that the trial court erred in allowing the prosecutor to question him about a plea offer. He contends that the testimony constituted impermissible evidence of plea negotiations.

■ Generally, statements made in the course of plea negotiations should not be used as evidence of guilt. (*People v. Hill* (1980), 78 Ill. 2d 465, 401 N.E.2d 517.) However, where the defense first enters into the subject matter complained of, the State has a right to question a witness in order to present the whole story to the jury. (*People v. Wadley* (1988), 169 Ill. App. 3d 1036, 523 N.E.2d 1249.) The trial court's determination regarding the relevancy of evidence will not be reversed absent an abuse of discretion. *People v. Ward* (1984), 101 Ill. 2d 443, 463 N.E.2d 696.

■ The defendant testified that because of his cooperation with the State, he did not expect to be charged or arrested. He also stated that he spent time in jail, but that Moss did not. His testimony therefore raised a question as to whether the State had treated him fairly and lived up to its agreements. Consequently, evidence that the defendant received a similar plea offer as Moss received was relevant to the proceedings. We hold that the trial court did not abuse its discretion in allowing evidence of the prosecutor's plea offer.

The judgment of the circuit court of Bureau County is affirmed.

Affirmed.

BARRY and GORMAN, JJ., concur.