THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* SKEETER CYPHERS, Defendant-Appellant.

(No. 71-135;

Third District—April 18, 1972.

James Geis, of Defender Project, of Ottawa, for appellant.

Louis F. Pignatelli, State's Attorney, of Morrison, for the People.

Mr. PRESIDING JUSTICE STOUDER delivered the opinion of the court:

Defendant, Skeeter Cyphers, has appealed from convictions and sentences for the offenses of burglary and criminal damage to property of a value of more than one hundred fifty dollars. On January 9, 1971, the Circuit Court of Whiteside County sentenced defendant to a term of from two to five years in the penitentiary on the burglary conviction and also for a term of from two to five years in the penitentiary on the criminal damage to property conviction. The sentences were to be served concurrently and in addition, defendant was fined $500 on the criminal damage to property charge. The issue raised on this appeal is whether the sentences imposed were excessive and contrary to the objectives of sentencing.

On December 23, 1970, Skeeter Cyphers was arrested for burglary

and confined in the Whiteside County jail. He was subsequently indicted for the burglary. The gist of the burglary charge was that defendant, together with a companion, backed a small van up to an apartment house at 11:30 in the morning and proceeded to remove some of the personal property in the apartment while the occupants were gone.

According to defendant, while he was in the service in 1968 he became addicted to heroin and received as a consequence thereof an undesirable discharge from the service. His addiction to the use of heroin continued until his arrest on the burglary charge. After several hours confinement in the Whiteside County jail defendant began to suffer from the symptoms and pains of heroin withdrawal. He became hysterical, requested medical attention and eventually a doctor came to the jail but did not treat him. Cyphers continued to demand medical attention and together with others in the cell he yelled, called the sheriff and his associates dirty names and created a disturbance. According to the sheriff the defendant was maced in order to calm him down. Cyphers then proceeded to tear up the property in the cell including the toilet, wash stand and shower stall cutting his wrists with a jagged piece of metal from the shower stall. The doctor then returned to the jail and treated him.

As a result of the incident in the jail defendant was indicted for criminal damage to property of a value of more than one hundred fifty dollars. He was found guilty of the offense by a jury. During the pendency of the action defendant was free on bail and the bail was continued after his conviction. He applied for probation but before the probation investigation could be completed or hearing held he fled the jurisdiction of the court and his bail was forfeited. Several months later he was apprehended in Arizona and returned to Whiteside County. Thereafter he pleaded guilty to the burglary charge and on January 9, 1971, the court sentenced him to concurrent terms of from 2 to 5 years for each offense and fined him $500 on the criminal damage charge.

According to the probation report Cyphers was twenty-four years old, had completed two years of high school when he went into the service and received a high school diploma while in the service. While in the service he became involved with drugs and received an undesirable discharge. After his return to Rock Falls, Illinois he completed two years at Sauk College, a two year junior college while working part time and at the time of his arrest was enrolled at Southern Illinois University. Both convictions and sentences have been consolidated for purposes of this appeal.

The only issue presented on this appeal is whether the sentences are appropriate or whether there are reasons requiring their reduction in

accord with Supreme Court Rule 615(b). Although not separate issues there are two aspects of the sentences which require consideration namely the offenses themselves and the defendant's addiction to heroin.

■■ This case represents one of the dilemmas of our time where the questions and problems are myriad and the answers and solutions few. The returning veteran who became a heroin addict while in the service and was discharged on account of his addition represents an especially difficult case. The need for money to support the addiction neither excuses or justifies criminal offenses nor punishment therefor. However, heroin addiction is a significant circumstance to be considered in arriving at an appropriate sanction. Long periods of confinement seem to have very limited value as a rehabilitation strategy.

It is defendant's position that the minimum term of confinement of two years is counter-productive to defendant's rehabilitation, that defendant's record reveals a good potential for rehabilitation and that the most conducive means of rehabilitation would be to permit defendant's early conditional release to a treatment program.

The State takes the position that the sentences are not excessive under the circumstances and that defendant's heroin addiction is a reason for increasing the severity of the sentence rather than the contrary.

There is an allusion in the State's statement of facts that the sentences imposed were the result of some negotiation between defendant's counsel and an Assistant State's Attorney. However, it is clear that such plea negotiation was not so considered in the usual sense since the defendant already stood convicted of one offense which under the circumstances left no room for negotiating. The State in its brief has not attached any particular significance to this aspect of the case because it is of doubtful relevance to the issue at hand, sentences having been imposed on the facts of the cases rather than upon defendant's agreement.

No claim is made by the defendant that the two offenses arose from the same act or the same transaction, although there is some relation between them. However, the argument of the State in support of the propriety of the sentences discloses somewhat paradoxical reasoning. According to the State, the burglary sentence was proper because defendant had a prior felony conviction, namely the conviction for criminal damage to property. The sentence on the criminal damage offense was proper because the defendant had pleaded guilty to another felony, namely the burglary. In other words, the propriety of the sentence imposed in each case is mutually dependent upon the conviction of the defendant in the other case and the State has made no attempt to justify the sentences independently. Where the offenses are independent as in this case such an argument may be justified logically even though its

relation to the overall principles of sentencing is not clear. In any event, it is the period of incarceration for a minimum term of two years which is the most significant aspect of the sentences.

■■ Defendant has no record of any prior felony conviction. In reviewing the record of the probation officer it appears that the defendant received an undesirable discharge from the service without any indication that his addiction was either treated, cured or under control at the time. It does not appear that defendant was treated for his addiction after his discharge from the service and there do not appear to be any factors contra-indicative to defendant's potential for rehabilitation either with regard to his heroin addiction or his criminal activities. When these circumstances are considered together with the nature of the offenses, it does not appear to us that incarceration in the penitentiary in excess of the minimum provided for the offenses is either required or desirable. *People v. Higgins,* 1 Ill.App.3d 847, 268 N.E.2d 265 and *People v. Harpole,* 97 Ill.App.2d 28, 239 N.E.2d 471.

For the foregoing reasons the sentences imposed by the Circuit Court of Whiteside County are each reduced to a term of confinement in the penitentiary for a period of not less than one year nor more than five years to be served concurrently and as so modified the judgments are affirmed.

Judgments modified and as modified affirmed.

SCOTT and DIXON, JJ., concur.