THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DAVID WINDER, Defendant-Appellant—(SHIRLEY WORKMAN, Defendant.)

(No. 11820; ▮▮▮▮▮▮▮▮▮▮

Fourth District—October 4, 1972.

John F. McNichols, of Defender Project, of Springfield, for appellant.

No appearance for the People.

Mr. PRESIDING JUSTICE CRAVEN delivered the opinion of the court:

A criminal information was filed charging the defendant with burglary. This charge arose out of defendant's knowingly entering a building without authority on September 19, 1971. Counsel was appointed for defendant. On November 29, 1971, defendant waived his right to be prosecuted by an indictment returned by a grand jury. Defendant entered a plea of guilty to the charge of burglary. Judgment was entered on the plea and defendant was sentenced to a term of 1 to 3 years in the penitentiary. The Illinois Defender Project was appointed counsel for defendant on this appeal.

Appellant-defense counsel has filed a brief pursuant to the requirements of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, stating that a review of the case would be frivolous in the absence of a justiciable issue and seeks leave to withdraw. We continued the motion for a period of 60 days during which the defendant was given leave to file additional points and authorities. None have been filed.

The motion to withdraw discusses the sufficiency of the court's admonishment to defendant before accepting the waiver of indictment and plea of guilty which would appear to be the only possible issues on

review. As suggested by the brief, the judge in the trial court complied with provisions in Supreme Court Rule 401(b) in the following matters: (1) defendant was informed of the nature of the charge; (2) he was informed of the minimum and maximum sentence prescribed by law; and (3) he was told that he could be prosecuted for the offense only after indictment by a grand jury unless he waived indictment. Furthermore, he was informed of the following matters pursuant to Supreme Court Rule 402: (1) he was informed of the nature of the charge; (2) he was informed of the minimum and maximum sentence prescribed by law; (3) he was informed of his right to plead not guilty; (4) he was informed of his right to trial by jury; (5) the court determined that the plea was voluntary; and, (6) the court determined that there was a factual basis for the plea.

We have examined the record and concur in the view of appointed counsel that further review of this case would be frivolous. The admonishment here under review was adequate under Supreme Court Rules. The defendant entered his plea of guilty knowingly and voluntarily and there was a factual basis for the plea. The motion of counsel to withdraw should be and the same is allowed and the judgment of the circuit court of Cass County is affirmed.

Judgment affirmed.

SMITH and SIMKINS, JJ., concur.