THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RAYMOND GOLDEN, Defendant-Appellant.

(No. 73-17; 

Third District—April 17, 1974.

Stephen Hurley, Assistant Appellate Defender, of Ottawa, for appellant.

James Christy, Assistant State's Attorney, of Peoria, for the People.

Mr. JUSTICE STOUDER delivered the opinion of the court:

After pleading guilty to the charge of possessing .9 grams of a controlled substance (heroin) in violation of section 402(b) of the Controlled Substances Act (Ill. Rev. Stat. 1971, ch. 56½, sec. 1402(b)), the defendant, Raymond Golden, was sentenced by the circuit court of Peoria County on September 29, 1972, to a term in the penitentiary of from 2 to 6 years.

On this appeal defendant contends the statute under which he was convicted is violative of State and Federal constitutions because first, it provides for a penalty based on the weight of a "substance" containing the controlled substance and second, it grants to the State's Attorney the discretion to determine whether the offense shall be prosecuted as a misdemeanor or as a felony. Although the parties have discussed these issues in their briefs, they concede that previous decisions of this court have considered the substance of such constitutional errors and that there are neither new precedents nor distinguishing facts which require reconsideration of these issues at this time. See *People v. Campbell,* 16 Ill.App.3d 851, 307 N.E.2d 395, and *People v. Kline,* 16 Ill.App.3d 1017, 307 N.E.2d 398, concerning the first issue, and *People v. Chambers,* 15 Ill.App.3d 23, 303 N.E.2d 24, concerning the second issue.

This brings us to defendant's last assignment of error which is his claim the sentence imposed is excessive.

Defendant was arrested on January 31, 1972, and pleaded guilty to the offense of possession of less than 1 gram of heroin on September 28, 1972. His plea was not the result of any negotiations or bargains with the State's Attorney and no claim is made that it was induced by any promises. After a hearing on his petition for probation which was also considered in aggravation and mitigation of the penalty to be imposed, probation was denied and defendant was sentenced to from 2 to 6 years in the penitentiary. It appears from the evidence presented at the sentencing hearing that defendant was a heroin addict at the time of his arrest in January and had been such an addict for approximately 3 years. He had no record of prior felony convictions although his work record prior to his arrest indicated a frequent change of employers and unsatisfactory work performance. Subsequent to his arrest defendant voluntarily sought treatment for his heroin addiction at the Stonehedge Foundation, a treatment and rehabilitation center for persons addicted to drugs located in Peoria. From February until June, Golden was treated on an outpatient basis in the Foundation's methadone program. During this period he remained physically dependent on the methadone treatment and in June he was admitted to the residential treatment program. In July, Golden was able to withdraw from methadone and according to the Director of the Foundation, twice weekly testing thereafter indicated the defendant to be drug-free during the 3-month period prior to his sentencing. Defendant was employed as a counselor and continued to participate in the Foundation's program.

At the sentencing hearing the director of the Foundation indicated defendant's treatment had been successful and that incarceration would be detrimental to defendant's continued success. The probation officer, also called by the defendant, recommended continuation of the treatment program but also recommended 1 year of incarceration thereafter. In final argument the State's Attorney insisted that he did not "* * * want the Court to establish, in the minds of people who are involved in drugs in this community that they can simply run to treatment as an alternative to penalties. If they want to seek treatment, they should do that prior to charges being brought * * *". The court in denying probation and imposing the jail sentence did not indicate any reason for its decision.

Because of problems associated with the preparation of the record in this case, our review has come at a time when a consideration of the propriety of the sentence is of little significance. During oral arguments we were advised the defendant has been paroled. Believing that no extensive discussion of this issue would be of any significant benefit at this

time, we content ourselves with the observation that the sentence of from 2 to 6 years in the penitentiary after the defendant has successfully accomplished by treatment that which may or may not be accomplished by incarceration is contrary to the objects and purposes of the penal sanction. (*People v. Cyphers*, 4 Ill.App.3d 856, 281 N.E.2d 796.) To be sure, the sentence is within the range provided by statute. It is also undisputed that defendant was in possession of heroin which constitutes a criminal offense. Nevertheless, if the purpose of proscribing possession of heroin is for the primary purpose of reducing or preventing its use then a course of conduct designed to reduce or eliminate heroin addiction, such as by the treatment in the instant case, accomplishes in large measure the purpose of the statute, and contrary to the position of the State's Attorney, treatment should be encouraged rather than discouraged. See Ill. Rev. Stat. 1971, ch. 56½, par. 1410.

For the foregoing reasons, we believe the minimum term of the penitentiary sentence should be reduced to the period of time already served and the maximum penitentiary sentence should be reduced to 3 years and as so modified the conviction and sentence of the circuit court of Peoria County is affirmed.

Judgment affirmed as modified.

ALLOY and DIXON, JJ., concur.