THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* EUGENE FONZA, Defendant-Appellant.

(No. 73-54;

Second District—January 31, 1975.

*Rehearing denied February 13, 1975.*

Ralph Ruebner, of State Appellate Defender's Office, of Elgin, for appellant.

Jack Hoogasian, State's Attorney, of Waukegan, (James W. Jerz, Edward Morris, and Martin Moltz, all of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE THOMAS J. MORAN delivered the opinion of the court:

As a result of their breaking and entering a store on May 10, 1972, defendant and three codefendants (Sam Harris, Cecil Poe and Charles Harris) were indicted for burglary. On August 3, defendant, represented by private counsel, entered a plea of guilty and then filed a petition to elect being treated as a drug addict under the Dangerous Drug Abuse Act. (Ill. Rev. Stat. 1971, ch. 91½, par. 120.10.) Defendant had been on probation at the time of the offense and the Cook County Department of Probation refused consent to such election. (Ill. Rev. Stat. 1971, ch. 91½, par. 120.8(e).) Thus, the trial court found defendant ineligible and, after denying his motion for probation, sentenced him to imprisonment for a period of 4 to 12 years.

On appeal, defendant claims that his sentence is excessive and disparate from those entered against his codefendants.

On the night in question, defendant and Charles Harris, both heroin addicts, were in search of funds to support their habits. At defendant's instigation, they went to a closed liquor store, defendant broke a window and, instead of entering the store, the two returned to defendant's residence where defendant informed Poe and Sam Harris that he had "set the place up." All four returned to the store and, while in the process of stealing merchandise, were confronted by police and subsequently arrested.

During defendant's combined hearing for probation/aggravation and mitigation, it was disclosed that his criminal record began in 1965 when, as a juvenile, he was convicted of burglary and sentenced to St. Charles for 9 months. In 1966, he was convicted of concealing stolen property and sentenced to 90 days in jail. In 1968, convicted of burglary, he was sentenced to 6 months in jail, and in 1971 he was convicted of aggravated battery (shooting two persons) and sentenced to 2 years' probation, the first 60 days to be served in jail. At the time of the instant hearing, there were pending against defendant, in Cook County, a revocation-of-probation charge and a violation-of-bond offense.

The record reveals that defendant's addiction commenced sometime in 1965 and that, except during periods of incarceration and for 1 month in January, 1972, when defendant used methadone (although not enrolled in a methadone program), he has been a daily user of heroin. Defendant made the general statement that his habit was the cause of his criminal conduct and claimed that on the day of the instant crime, he was suffering from the pain of heroin withdrawal. Evidence established that defendant has not been employed since 1966.

The main thrust of argument in defendant's original brief is that he is an addict, that but for his addiction he would not have committed any of the offenses enumerated and that any attempt to rehabilitate him must be directed toward the root of his problem—heroin addiction. Arguing that incarceration will not accomplish his rehabilitation (the futility of such approach, he claims, being illustrated by his history of reverting to the use of heroin when released from confinement), he contends that restoration to useful citizenship is dependent upon his voluntary abstention from drug use, that this can only be accomplished by this court's reducing the sentence imposed, thereby affording him an immediate opportunity to be paroled to a supervised therapeutic environment. See Ill. Rev. Stat. 1971, ch. 91½, par. 120.11, which provides that acceptance of treatment for controlled substance addiction under the supervision of the Department of Mental Health may be made a condition of parole.

Defendant's argument is fraught with inaccuracies and insincerity. By contending that his voluntary abstention from drugs can only be accomplished by an action of this court, he ignores the personal motivation essential to "voluntary abstention." As a drug user since 1965, he has at no time voluntarily sought treatment until it seemed an attractive alternative to incarceration. (Even during his 1 month on methadone, he avoided personal commitment, choosing to buy "from a friend" who was in the program.) Contrary to defendant's assertion, two of his four prior convictions (burglary, 1965, and aggravated battery, 1971) were not committed to support his drug habit. Now, not having worked in 6 years, he claims it was necessary for him to steal to support a habit which he made no real attempt to break.

Citing *People v. Cyphers,* 4 Ill.App.3d 856 (1972), defendant contends that the use of narcotics has been judicially recognized as a factor warranting a reduction in sentence. The *Cyphers* case is, however, readily distinguishable on the facts. There, the defendant had no prior felony convictions. The charge of criminal damage against him arose from the destruction of property within his cell, occurring during a period of violent withdrawal pain. Here, we have only defendant's self-serving statements to substantiate that at the time of the offense he was suffering

from heroin withdrawal and, unable to bear the pain, was driven to commit burglary. Indeed, the method of "setting up" the burglary seems to belie any such spontaneous, urgent desperation.

■■ By stressing his addiction, defendant seemingly attempts to minimize the fact that he has been sentenced for criminal conduct—burglary. The most genuine concern for rehabilitation does not permit such conduct to be ignored or excused because of the drug addiction of the offender. "The need for money to support addiction neither excuses or justifies criminal offenses nor punishment therefor." (*People v. Cyphers*, 4 Ill.App.3d 856, 858 (1972).) The defendant has, to the time of this appeal, shown neither the motivation nor the will to avoid that which he claims is the cause for his criminal activity. If he is now sincere in his desire to overcome addiction, drug treatment facilities are available to him at the penitentiary.

As to the question of disparate sentences, we review the backgrounds of the codefendants as revealed in the supplemental record and briefs which defendant was permitted to file.

Codefendant Poe, who had no previous criminal record, entered a plea of guilty on August 7, 1972, and was granted 3 years' probation after having served 105 days in jail.

Sam Harris entered a negotiated plea of guilty on that same day and was granted 3 years probation with the first 6 months to be served in jail. He, a resident of Detroit, had a prior criminal record: 1970, entered guilty plea to felonious assault, sentenced to 2 years' probation and 90 days in jail; 1971, convicted of receiving stolen property while on probation, 30-day sentence on the stolen property charge and 1 year on the revocation of probation; 1972, fined $50 and given 1 year probation for possession of a knife with a blade over 4 inches.

Charles Harris was found guilty by a jury of the instant offense and received 5 years' probation after electing to be committed to the Department of Mental Health under section 10 of the Dangerous Drug Abuse Act (Ill. Rev. Stat. 1971, ch. 91½, par. 120.10). He had commenced using narcotics in January of 1968 and been addicted to heroin for the past 15 months. His previous criminal record was a 1969 conviction (in Wisconsin) on two counts of burglary for which he was sentenced to 2 years on the first count and 18 months on the second.

■■ Burglary, a Class 2 felony, carries a sentence of 1 to 20 years. A defendant cannot complain that he received a discriminatory sentence compared with his codefendants where the sentence is within statutory limits and the trial court could have considered other relevant factors in regard to this defendant's conduct. (*People v. Spears*, 50 Ill.2d 14, 18 (1971); *People v. Martin*, 19 Ill.App.3d 631, 635 (1974).) Different sen-

tences given codefendants are not discriminatory where there is a basis in the record for the distinction. (*People v. Prater*, 12 Ill.App.3d 452 (1973).) Under the facts already presented as to defendant's record, and in consideration of the fact that the burglary was undertaken at his instigation and while he was on probation, the sentence imposed is neither excessive nor unreasonably disparate.

Judgment affirmed.

GUILD and RECHENMACHER, JJ., concur.